WILLIAM K. HOWARD v. STATE OF INDIANA.

[No. 975S250. Filed May 26, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *William B. Bryan,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—This is an appeal from the denial of a petition for post conviction relief.

The record shows the following facts: Appellant was charged by indictment on May 13, 1967, with murder in the first degree. Trial by jury resulted in a conviction as charged. Appeal to the Supreme Court of Indiana resulted in a reversal of that conviction.

On April 29, 1969, the appellant entered a plea of guilty to the charge of murder in the second degree and was sentenced to life imprisonment in the Indiana State Prison.

On October 10, 1974, the appellant filed a pro se motion for reduction of sentence which was treated as a petition for post conviction relief. On January 15, 1975, the appellant filed a pro se motion for leave to amend his petition for reduction of sentence. On February 22, 1975, the appellant, by counsel,

the Public Defender of Indiana, filed an amendment to the aforementioned petition. A hearing was had on April 17, 1975. The trial judge granted relief to the extent the original sentence was modified to allow the appellant credit for jail time served in connection with the offense for which he was ultimately convicted. This allowance of time amounted to 863 days. The trial court denied the other relief asked in the post conviction petition.

It was appellant's contention in the trial court, and in this Court, that his plea of guilty to second degree murder was not entered knowingly and freely for the reason that he was advised by his trial counsel that if he would plead guilty to murder in the second degree he would receive a sentence of fifteen to twenty-five years by reason of a recently passed statute. He testified at the post conviction hearing that had he not been told this by his trial counsel, he would not have entered a plea of guilty of second degree murder. He takes the position that his testimony in this regard is uncontradicted in the record and therefore must be believed.

The record in this case does not bear out appellant's contentions in this regard. At the hearing on his plea of guilty the appellant was questioned by the trial judge and stated on three occasions that he understood that second degree murder carried a sentence of life imprisonment. He further stated upon questioning that he had not been promised anything to induce him to plead guilty. The fact that there was a new statute on second degree murder carrying an alternative sentence of fifteen to twenty-five years was discussed fully at that hearing. Appellant was informed by the trial judge that that statute would be inapplicable in his case. The trial court extensively questioned appellant concerning his constitutional rights and the nature of the offense to which he was entering a plea of guilty and specifically informed the appellant that he would be given a life sentence upon that plea.

Appellant was further questioned by the trial court concerning his satisfaction with his attorney and the court dis-

cussed with him the factual basis upon which he was entering his plea of guilty of second degree murder.

In post conviction proceedings the petitioner has the burden of showing that the judgment of the trial court is contrary to law. In examining the record on appeal, this Court will consider only that evidence most favorable to the trial court's decision. That decision will not be disturbed unless the evidence is without conflict and leads inescapably to one reasonable conclusion contrary to that reached by the trial court. *Hoskins* v. *State*, (1973) 261 Ind. 291, 302 N.E.2d 499, 39 Ind. Dec. 388; *Conley* v. *State*, (1972) 259 Ind. 29, 284 N.E. 2d 803, 31 Ind. Dec. 716. This burden extends to a question of whether a plea of guilty is willingly, intelligently and knowingly given. *Smith* v. *State*, (1974) Ind. App., 314 N.E. 2d 792, 43 Ind. Dec. 174.

We therefore hold the record in this case is sufficient to sustain the decision of the trial court.

Appellant also claims he is entitled to a new trial for the reason that the record in this case discloses his trial counsel was ineffective. He bases this position entirely upon his claim that counsel advised him to plead guilty to second degree murder and that if he did so he would receive a fifteen to twenty-five year sentence. Appellant concedes that this Court will not declare counsel to be incompetent unless the quality of the representation has been so lacking as to "shock the conscience of the court" and "make a mockery" of justice. He claims, however, that he has overcome this burden and that we therefore should order a new trial.

We totally disagree with the appellant in this regard. Again referring to the record on his plea of guilty, he not only was thoroughly and correctly advised by the trial court as to the consequences of his plea, but was specifically questioned as to the representation of his trial counsel. There is absolutely no indication at that hearing that appellant was dissatisfied with or that he felt he had been misled by his

trial counsel. In this record we have only the statements of the appellant at his post conviction hearing concerning these representations by his counsel.

In view of the thorough questioning by the trial court at the time of accepting the plea, we find nothing in the representation by trial counsel that would shock the conscience of this Court or would tend to make a mockery of justice. We therefore hold the trial court did not err in denying post conviction relief to the appellant.

The trial court is, in all things, affirmed.

Arterburn, DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 348 N.E.2d 25.