SYLVESTER MONROE SMITH *v.* STATE OF INDIANA.

[No. 2-672A20. Filed July 31, 1974.]

Harriette Bailey Conn [Mrs.], Public Defender of Indiana, Carr L. Darden, Sr., Deputy Public Defender, for appellant.

Theodore L. Sendak, Attorney General, Robert F. Colker, Assistant Attorney General, for appellee.

WHITE, J.—Appellant Smith (petitioner) petitioned the court below for post conviction relief from a two year determinate sentence of imprisonment for violation of the 1935 Firearms Act and a one-to-ten year indeterminate sentence for assault and battery with intent to rob. A hearing was held and relief was denied.

We affirm.

The only grounds of appeal are that the court erred in finding that "Petitioner has failed to prove by a preponderance of the evidence"

 (1) "that he did not plead guilty . . . willingly, intelligently, voluntarily and knowingly", and

 (2) "that trial counsel representing Petitioner in the prior proceedings at which Petitioner pleaded guilty, incompetently or inadequately represented Petitioner."

The essence of petitioner's arguments here are well stated in his motion to correct errors thus:

 (1) "[T]he evidence clearly showed that the guilty plea was made as a result of plea bargaining that was not freely, willingly, intelligently, voluntarily, and knowingly made by the petitioner."

 (2) "[T]he evidence clearly shows that the petitioner was not advised of the consequences of his pleading guilty, namely, that another pending criminal charge against the defendant would not be dropped; and, the defendant was not told by his attorney and the prosecutor prior to his pleading guilty and, as a result, he was denied effective assistance of counsel in violation of the Constitution of the United States and of the State of Indiana."

In post conviction relief proceedings:

". . . All rules and statutes applicable in civil proceedings . . . are available to the parties. . . . The petitioner has the burden of establishing his grounds for relief by a ▮ preponderance of the evidence." Post-Conviction Remedy Rule 1, § 5, Indiana Rules of Procedure.

In legal contemplation the findings complained of are negative findings and the denial of relief which follows is a negative judgment because it is against the party ▮ who bears the burden of proof. *Losche & Sons* v. *Williams & Associates* (1948), 118 Ind. App. 392, 395, 78 N.E.2d 447. Negative decisions can be overturned on appeal only "where the evidence is without conflict and leads inescapably to but one conclusion and the trial court has reached an opposite conclusion". Id.; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N.E.2d 669.

Appellant's public defender has made eloquent and cogent arguments in analysis, interpretation, and evaluation of the evidence which suggest to us the very real possibility that there may well be reasonable persons who, had they been charged with finding the facts, could have reached conclusions quite the opposite of those the trial court found. But that merely shows, at best, that some other equally reasonable judge may have made an opposite decision, not that such opposite decision is the only decision reasonable persons could have made.

It would serve no worthwhile purpose for us to inflate this opinion with our own recital and analysis of the evidence and a line-by-line response to each and every facet of appellant's argument. Suffice it to say that there are not only conflicts in the testimony of different witnesses, but also that there are conflicts in the inferences which reasonably *may* be drawn from the undisputed evidence. Such evidence does not lead inescapably to the conclusion that petitioner's pleas were not freely, willingly, intelligently, voluntarily and knowingly made or that his trial counsel incompetently, or inadequately represented him. The trial court therefore com-

mitted no error in concluding that petitioner had failed to prove those allegations by a preponderance of the evidence.

The judgment denying relief is

Affirmed.

Sullivan, P.J., and Buchanan, J., concur.

NOTE.—Reported at 314 N.E.2d 792.