JOHN W. BROWN *v.* STATE OF INDIANA.

[No. 2-174A48. Filed January 30, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Henry O. Sitler,* Deputy Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—Petitioner-Appellant John W. Brown (Brown) appeals from the trial court's denial of his Petition for Post-Conviction Relief, claiming his guilty plea was involuntarily entered and incompetency of counsel.

We affirm.

### FACTS

On February 1, 1972, Brown was indicted for Second Degree Murder and entered a plea of not guilty at his arraign-

ment and on May 15, 1972, he appeared with counsel and requested the trial court's permission to withdraw his previously entered plea and plead guilty to a lesser charge of voluntary manslaughter.

Prior to accepting his guilty plea, the trial court carefully examined Brown, informing him in detail of all aspects of the crime to which he was pleading guilty and of his Constitutional rights. When asked by the trial court whether he was pleading guilty because of any threats or promises made to him, Brown replied in the negative.

He acknowledged to the trial court that he had spent adequate time conferring with his attorney, was satisfied with his services, that he discussed his guilty plea with his attorney and that the guilty plea was in his best interests.

The trial court imposed a sentence of not less than two nor more than twenty-one years.

On May 14, 1973, Brown filed his Petition for Post-Conviction Relief alleging that his guilty plea was not voluntarily entered and that his court appointed counsel was incompetent. At the hearing on his Petition, Brown denied that he knew anything about the crime in question. He testified that he was coerced into pleading guilty to voluntarily manslaughter because he had no other choice since his attorney had informed him that "his hands were tied" and that there was nothing else Brown could do except to plead guilty to a lesser charge of voluntary manslaughter. Brown further testified at the Post-Conviction hearing that he had been able to talk with his attorney only once prior to pleading guilty.

The attorney testified he talked with Brown four or five times before the guilty plea hearing, that he determined from the prosecutor's file that Brown had signed a confession and that there was evidence of a bloody shirt with blood matching the deceased's type. When asked if he thought that a plea of guilty to voluntary manslaughter was in Brown's best interests he replied he was convinced a jury would find him guilty of second degree murder, and therefore it was in

Brown't best interest to plead guilty to the lesser charge of voluntary manslaughter.

## ISSUES

ISSUE ONE.   Did the trial court err in finding that Brown's guilty plea was voluntarily entered?

ISSUE TWO.   Did Brown receive competent and effective counsel?

AS TO *ISSUE ONE,* Brown contends that his guilty plea was coerced because he had no other choice since his court appointed attorney told him that his hands were tied, and that there was nothing else he could do.

The State replies that Brown was fully informed as to the courses of action open to him and that at the guilty plea hearing he denied that his guilty plea was made because of any threats or promises. His choice was to plead guilty to the lesser charge of voluntary manslaughter or to stand trial for the greater charge of second degree murder.

AS TO *ISSUE TWO,* Brown alleges that his attorney's only efforts were not to defend him and protect his interests, but rather to coerce him to plead guilty to a crime which he did not commit.

The State asserts that the record clearly refutes Brown's allegations and that Brown had failed to overcome the strong presumption of a counsel's competence.

## DECISION
ISSUE ONE

CONCLUSION—It is our opinion that Brown failed to show by the preponderance of the evidence that his plea of guilty to voluntary manslaughter was entered involuntarily.

A Post-Conviction proceeding is in the nature of a civil action. Petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Post-Conviction Remedy Rule I, Sec. 5; *Lockhart* v. *State* (1971), 257 Ind. 349, 274 N.E.2d 523.

An unsuccessful petitioner stands in the position of one appealing from a negative judgment. It is only where the evidence leads to but one conclusion and the trial court has reached an opposite conclusion that the decision will be disturbed as being contrary to law. *Hoskins* v. *State* (1973), 261 Ind. 291, 302 N.E.2d 499; *Souerdike* v. *State* (1952), 231 Ind. 204, 108 N.E.2d 136; *Pettyjohn* v. *State* (1974), 161 Ind. App. 418, 315 N.E.2d 729; *Smith* v. *State* (1974), 161 Ind. App. 95, 314 N.E.2d 792.

The record discloses that the trial judge, at the guilty plea hearing, went to great length to inform Brown of his Constitutional rights, the consequences of his guilty plea, and that no threats or promises were made to him.

Even Brown's denial of the crime charged does not vitiate the voluntariness of his guilty plea:

"Furthermore, the voluntariness of a guilty plea is not rendered constitutionally defective merely because a criminal defendant denies commission of the crime charged. *North Carolina* v. *Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The factors which motivated the appellant to plead guilty are not material, so long as we can ascertain from the record that his guilty plea was entered freely, voluntarily and knowingly. *Brady* v. *United States, supra: Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274."[1] *Boles* v. *State* (1973), 261 Ind. 354, 303 N.E.2d 645.

Furthermore, coercion does not result from the defendant's fear of conviction of a greater offense than the one for which he is pleading guilty. *Brady* v. *United States* (1970), 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747; *Lockhart* v. *State, supra; Bonner* v. *State* (1973), 156 Ind. App. 513, 297 N.E.2d 867, 870.

---

1. Compare IC 1971, 35-4.1-1-4(b), Ind. Ann. Stat. § 9-1205 (Burns Supp. 1974); effective July 26, 1973, "The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

It is apparent on the face of this record that Brown has failed to show by a preponderance of the evidence that his guilty plea was entered involuntarily.

ISSUE TWO

CONCLUSION—We conclude that Brown has failed to overcome the presumption of counsel's competence.

Strong and convincing proof is required to overcome this presumption. *Beck* v. *State* (1974), 261 Ind. 616, 308 N.E.2d 697; *Blackburn* v. *State* (1973), 260 Ind. 5, 291 N.E. 2d 686; *Robbins* v. *State* (1971), 257 Ind. 273, 274 N.E.2d 255; *Tibbs* v. *State* (1973), 158 Ind. App. 485, 303 N.E.2d 294.

The *Blackburn* court set forth the standard needed to overcome this presumption:

"The mere fact that another attorney might have conducted the defense differently is not sufficient to require a reversal. Isolated poor strategy, bad tactics, a mistake, carelessness or inexperience does not necessarily amount to ineffective counsel unless, taken as a whole, the trial is a mockery of justice." 260 Ind. at 22, 291 N.E.2d at 696.

The record is replete with evidence that Brown's attorney at the guilty plea hearing was both effective and competent, and that Brown was satisfied with his attorney's services.

The evidence most favorable to the state supports the trial court's findings. The decision of the trial court is affirmed.

Sullivan, P.J. and White, J., concur.