DARRELL LIFFICK *v.* STATE OF INDIANA

[No. 1-377A59. Filed September 21, 1977. Rehearing denied October 31, 1977.]

*Harriette Bailey Conn*, [*Mrs.*], Public Defender of Indiana, *Susan K. Carpenter*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Susan J. Davis*, Deputy Attorney General, for appellee.

LYBROOK, J.—Darrell Liffick, defendant-appellant, brings this appeal following the denial of his Petition for Post-Conviction Relief.

The facts most relevant to this appeal indicate that in February 1975, Liffick was charged with Assault and Battery with Intent to Kill.[1] He originally pleaded not guilty by reason of temporary insanity and requested a jury trial. In May, 1975, the State amended its charge to the lesser included offense of Aggravated Assault and Battery.[2] Liffick pleaded guilty to the amended charge although he asserted that he could not remember committing the assault. Liffick was an admitted narcotic and alcohol abuser and requested treatment in appropriate facilities. Liffick's request was denied and he was sentenced to a term of 1 to 5 years.

In August 1976, Liffick filed a Petition for Post-Conviction Relief and in September and October 1976, hearings were held on Liffick's petition. After the October 4, 1976 hearing the trial court granted the petition and scheduled Liffick for arraignment on October 18, 1976. The trial court then delayed the arraignment until October 25, 1976, at which time the trial court reversed itself, reinstated Liffick's guilty plea and denied the Petition for Post-Conviction Relief. (Liffick had been scheduled for a hearing before the parole board on October 21, 1976, but was unable to attend due to his absence from the Pendleton Correctional Facility. The trial court was aware of the scheduled hearing).

On the above facts Liffick properly presented for review the following issues:

(1) Was a sufficient factual basis presented for the acceptance of the original guilty plea?

(2) Was the original guilty plea knowingly and willingly entered by Liffick?

(3) Was due process violated when the trial court reversed its granting of Post-Conviction Relief and reinstated the guilty plea?

---

1. IC 1971, 35-13-2-1 (Burns Code Ed.).

2. IC 1971, 35-13-3-1 (Burns Code Ed.).

## I.

Liffick's first allegation of error charges that the trial court did not possess sufficient facts to be assured of the basis for the entry of the original guilty plea.

The record reveals that Liffick was the only witness at his guilty plea hearing. No substantive evidence was produced by the State which related facts relative to the charge. During the trial court's questioning, Liffick continually asserted that he could not remember committing any attack on his wife. He informed the court that he was high on drugs at the time of the alleged attack and had blanked out at the time.

The trial court fully informed the defendant of his constitutional rights but it appears that error was committed by accepting a guilty plea from a defendant who repeatedly asserted he could not remember the alleged crime; unless, of course, the trial court had heard sworn testimony from other sources which assured the trial court of the factual basis for the guilty plea.

The State relies most heavily on the case of *Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560. That case is clearly distinguishable on its facts. In *Campbell* the trial court received evidence, including eyewitness testimony, that was conclusive as to Campbell's guilt, and then accepted the guilty plea. No such testimony was taken in the case at bar.

For guidance in determining the acceptability of a guilty plea we must first look to IC 1971, 35-4.1-1-4(b) (Burns Code Ed.), which in pertinent part reads:

> "(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

It appears clear that a factual basis for the plea could not be obtained from Liffick since he resolutely contended that he could not remember.

Further guidance may be gleaned from decisions which have previously considered this issue. The Indiana Supreme Court

held in *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501 that:

> "As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction."

While the facts in *Harshman* are not identical, the analogy is compelling. The adamant language of the *Harshman* case has been somewhat lessened by more recent decisions from that court. *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645, approached a similar problem and held that a guilty plea may not be accepted from a defendant protesting his innocence if that plea is unaccompanied by other evidence showing the factual basis for guilt. The Indiana Supreme Court has most recently reaffirmed the necessity of a factual basis for a guilty plea in *Stowers v. State* (1977), 266 Ind. 403, 363 N.E.2d 978.

The Indiana Court of Appeals has previously faced a similar problem in *Love v. State* (1974), 159 Ind. App. 270, 306 N.E.2d 142, and this court held that the trial court must assure itself that a factual basis existed for the guilty plea.

Both Indiana appellate courts have expressly adopted the United States Supreme Court case of *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. Alford had been allowed to plead guilty even though he had strongly protested his innocence. The Supreme Court held that the plea was allowable because of the overwhelming evidence in the record against him and the minimal possibility of his acquittal; thus, the court permitted the defendant to plead guilty to a lesser included offense and obtain the advantage of a lesser punishment rather than be forced to submit to a trial with little or no chance of acquittal. See also *United States ex rel. Dunn v. Casscles*, 494 F.2d 397 (2nd Cir. 1974).

With these guidelines in mine we must apply the proper standard of review in Post-Conviction proceedings to the facts in the case at bar. In such cases the defendant has

the burden of establishing grounds for relief and must sustain that burden by a preponderance of the evidence. *Brown v. State* (1975), 163 Ind. App. 132, 322 N.E.2d 98. An unsuccessful petitioner must demonstrate that the evidence leads to but one conclusion and the trial court reached the opposite conclusion and thus the ruling was contrary to law. *Brown, supra.*

In the case at bar we can find no substantive evidence of probative value which will provide the factual basis for an entry of a plea of guilty in the face of Liffick's professed ignorance of guilt. We therefore hold that reversible error was committed when the trial court accepted the original plea of guilty. It is thus necessary to reverse and remand this case for further action not inconsistent with this opinion.

## II. & III.

In light of our disposition of Issue I we deem it unnecessary to discuss the remaining issues.

Reversed and remanded.

Robertson, C.J. and Lowdermilk, J. concur.

NOTE—Reported at 367 N.E.2d 34.