## JERRY HITLAW *v.* STATE OF INDIANA

[No. 1-278A41. Filed October 24, 1978. Rehearing denied November 30, 1978. Transfer denied May 19, 1979.]

*Harriette Bailey Conn*, Public Defender of Indiana, *Ihor N. Boyko*, Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *William E. Daily,* Assistant Attorney General, for appellee.

LYBROOK, P.J. — On October 25, 1976, an Information was filed charging Jerry Hitlaw (Hitlaw) with Robbery, Commission of a Felony While Armed, and Assault and Battery With Intent to Kill. In early November, Hitlaw appeared in court and an automatic plea of not guilty was entered in his behalf. On March 31, 1977, Hitlaw moved to withdraw his former plea of not guilty, and he entered a plea of guilty to the offense of Commission of a Felony While Armed, although asserting that he remembered nothing about the crime. The State then introduced, without objection, the probable cause affidavit and statements attached thereto filed as part of a presentence investigation report. As a result of the guilty plea, Hitlaw was sentenced to 10 years imprisonment.

Defendant *pro se* filed a Petition for Post-Conviction Relief, and on the day that all parties appeared in court for a hearing on the petition, September 8, 1977, defendant filed a Motion for Leave to Amend Petition for Post-Conviction Relief, which was granted. After a hearing, the court entered judgment denying the Petition for Post-Conviction Relief, as amended. The defendant then submitted a motion to correct errors which was overruled November 23, 1977. Defendant filed a timely praecipe, and this appeal results.

The only error alleged by defendant is as follows:

(1)   Whether there was sufficient evidence of probative value presented to the trial court to allow it to accept a plea of guilty from a defendant who professed at the time he entered the plea that he held no recollection of having committed the crime.

At one time, the law in Indiana stated that:

"A plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction." *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501 at 502.

*Harshman* seemingly suggests that if sufficient evidence were adduced to indicate the defendant's guilt, such a guilty plea might be acceptable. However, it was not until *North Carolina v. Alford* (1970), 400 U.S. 25,

91 S.Ct. 160, 27 L.Ed. 162; a subsequent Indiana statute, IND. CODE 35-4.1-1-4; and subsequent Indiana cases (see, e.g. *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645; *Stowers v. State* (1977), 266 Ind. 403, 363 N.E.2d 978; and *Liffick v. State* (1977), 174 Ind. App. 298, 367 N.E.2d 34), that the law in Indiana became solidified in this area.

The above mentioned statute, IND. CODE 35-4.1-1-4, concerning determination of the voluntariness of a plea of guilty states in part:

"(b) The court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea."

Case law has interpreted this statute to mean that there must be presented to the court:

"substantive evidence of probative value which will provide a factual basis for an entry of a plea of guilty in the face of [the defendant's] professed ignorance of guilt." *Liffick v. State*, 174 Ind. App. 298, 367 N.E.2d 34, at 36.

*Liffick, supra*, at 35, indicates that "Sworn testimony from other sources [than the defendant] which assured the trial court of the factual basis for the guilty plea," must be heard before the court can accept a guilty plea from one professing unconsciousness of the crime. But we feel that this statement does not preclude evidence other than sworn testimony as an adequate basis for accepting such a guilty plea, because, according to statute, the court need only be satisfied of a "factual basis for the plea."

In the case at bar, evidence concerning the crime in question was submitted to the trial court when Hitlaw pleaded guilty, and in the presentence investigation report. This report included Hitlaw's criminal record, the investigator's version of the events, and the victim's opinion of Hitlaw's motives and intentions. Furthermore, the report contained statements of the victim and other witnesses concerning the crime involved, the probable cause affidavit upon which Hitlaw's arrest was based, and an officer's report of the incident. Although most of the evidence was not presented under oath, there was a probable cause affidavit containing sufficient facts that indicate Hitlaw's guilt and it was entered without his objection. Additionally, Hitlaw told the court that

he was familiar with the statements and that they were true to the best of his knowledge. He was aware of the charges against him and their respective penalties, he was aware of the evidence indicating his guilt in the crimes charged, and he voluntarily and intelligently concluded that his best interests required entry of a guilty plea. See, *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

For the above reasons Hitlaw has not satisfied his burden of establishing grounds for post-conviction relief. *Brown v. State* (1975), 163 Ind. App. 132, 322 N.E.2d 98.

Affirmed.

Robertson, J., concurs

Young, J., (participating by designation) concurs.

NOTE — Reported at 381 N.E.2d 527.