**UNITED STATES of America**

v.

**Dean S. ISBLE, Ricky C. Willis.**

**Crim. Nos. 3–78–14, 3–78–25.**

United States District Court,
E. D. Tennessee, N. D.

Feb. 15, 1979.

John H. Cary, U. S. Atty., Knoxville, Tenn., for plaintiff.

Ken D. McCasland, Jr., Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

The Government has moved the Court to reconsider its judgment and commitment order issued in CR. 3–78–14 on April 4, 1978, and its judgment and commitment order issued in CR. 3–78–25 on April 19, 1978.

These two cases were plea bargained. Before sentencing in CR. 3–78–14, the Court was careful to explain to the accused their rights and to ask them if they were guilty and they replied in the affirmative, and to ask them if they entered their pleas freely and voluntarily and without coercion, to which they responded in the affirmative. In CR. 3–78–25 the accused were arraigned two weeks later. Of course, their rights had previously been explained to them and they were questioned in some detail. They were asked at the second hearing whether they understood the charge and if they were entering their pleas of guilty freely, voluntarily, understandingly and without coercion. They answered in the affirmative and stated that they were guilty. The Court was satisfied then and is satisfied now that they were guilty and that there was a factual basis for the plea in both cases.

There are many different procedures that may be utilized to satisfy the requirement that the Court satisfy itself that there is a factual basis for the plea of guilty. Fed.R.Crim.P. 11(f). The indictment, if sufficiently specific, may be used to establish such a factual basis. See *Kloner v. United States,* 535 F.2d 730 (2nd Cir. 1976), *cert. denied* 429 U.S. 942, 97 S.Ct. 361, 50 L.Ed.2d 312; *Sassoon v. United States,* 561 F.2d 1154, 1158 (5th Cir. 1977); *Jimenez v. United States,* 487 F.2d 212 (5th Cir. 1973), *cert. denied* 416 U.S. 916, 94 S.Ct. 1623, 40 L.Ed.2d 118 (1974). Such a procedure was used here and Rule 11 was not thereby violated.

The purpose of Rule 11(f) is to ensure that a defendant does not mistakenly plead guilty though his actual conduct does not constitute all the elements of the crime charged. See *McCarthy v. United States* 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). In these cases, defendants were represented by competent counsel and were charged with identical bank robberies. In 3–78–14 the record shows quite clearly that the defendants committed bank robbery. In this case Rule 11 was obviously satisfied. In 3–78–25, the record is not so detailed. The defendants, however, freely admitted guilt in the face of the specific charge in the indictment and under the Court's questioning. There was no reasonable possibility that their plea of guilty could have been mistaken in light of their prior

admissions and the prior proceedings. Under these circumstances Rule 11 was satisfied.

The Court sees no reason why counsel for the defendants should be dismissed.

For the foregoing reasons, it is ORDERED that the government's motion be, and the same hereby is, denied.