Orville E. ANDERSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–379A76.

Court of Appeals of Indiana,
Third District.

Nov. 28, 1979.

Rehearing Denied Jan. 11, 1980.

Harriette Bailey Conn, Public Defender of Indiana, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Orville E. Anderson brings this appeal following the denial of his petition for Post-Conviction Relief.

The facts relevant to this appeal indicate that Anderson was charged with First De-

gree Burglary[1] on June 23, 1977. He originally pleaded not guilty and requested a jury trial. On December 12, 1977 Anderson withdrew his previously entered plea of not guilty, and, pursuant to a plea bargain agreement, entered a plea of guilty to First Degree Burglary. He asserted at that time that he was under the influence of alcohol and could not remember anything that had happened on the day of the burglary. Anderson was an admitted alcoholic and had requested treatment in appropriate facilities for alcohol abuse. His request was denied. He was sentenced and committed to the Indiana Department of Correction for not less than 10 nor more than 20 years. Anderson pro se filed a petition for Post-Conviction Relief which was denied on August 18, 1978.

On appeal, he raises the following issues for our review:

(1) Did the trial court err when it accepted Anderson's guilty plea in view of his lack of recollection of having committed the crime charged?

(2) Was Anderson's guilty plea knowingly, intelligently and voluntarily given?

(3) Were Anderson's Constitutional rights denied because he failed to receive the treatment for alcohol abuse which had been recommended by the court at the time of sentencing?

We reverse and remand.

On appeal, Anderson urges this Court to find that the trial court erred when it accepted his guilty plea in view of his inability to remember committing the crime charged.

■ In grappling with an analogous issue, Indiana courts have expressly adopted the rationale presented in *North Carolina v. Alford* (1970), 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. The United States Supreme Court allowed the defendant's guilty plea, even though he strongly protested his innocence, because of the overwhelming evidence in the record against him and the minimal possibility of his acquittal. The court in *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645 stated that the trial court should never accept a guilty plea when it is accompanied by a protestation of innocence and unaccompanied by evidence showing a factual basis of guilt. Such a plea can be accepted only when accompanied by overwhelming evidence of the defendant's guilt. In addition, the guilty plea must be voluntarily, freely and knowingly given by the defendant who has been judicially advised of all the rights he is waiving. *Boles, supra.*

■ In determining whether to accept a guilty plea, the trial court must look to IC 1971, 35–4.1–1–4(b) (Burns Code Ed., 1978) for guidance. It provides:

"The court shall not enter judgment upon a plea of guilty unless *it is satisfied from its examination of the defendant* that there is a factual basis for the plea." (Emphasis supplied.).

This statute requires that there be a factual basis for the acceptance of a guilty plea.[2]

In *Liffick v. State* (1977), Ind.App., 367 N.E.2d 34, the defendant pleaded guilty while repeatedly asserting he could not remember the alleged crime. He was the

---

1. IC 1971, § 35–13–4–4 (Burns Code Ed.). "Burglary—Degrees.—(a) Whoever breaks and enters into any dwelling house or other place of human habitation with the intent to commit any felony therein, or to do any act of violence or injury to any human being, shall be guilty of burglary in the first degree, and on conviction thereof shall be imprisoned not less than ten [10] years nor more than twenty [20] years . . . . ."

This statute has been replaced by IC 1971, § 35–43–2–1 (Burns Code Ed., 1978).

2. This section must be read in conjunction with IC 1971, 35–4.1–1–1, IC 1971, 35–4.1–1–3 and particularly IC 1971, 35–4.1–1–4(a) which provides:

"The court shall not accept a plea of guilty *without first personally addressing the defendant* and determining that the plea is voluntary. The court shall address the defendant and determine whether any promises, force or threats were used to obtain the plea." (Emphasis supplied.).

These sections envision a situation in which a guilty plea is taken contemporaneously with the establishment of a factual basis for the guilty plea.

only witness at his guilty plea hearing. The State failed to produce substantive evidence of facts relative to the charge. Even though he had been fully informed of his Constitutional rights, this Court found that the trial court had erred by accepting his guilty plea. It said that unless the court had heard sworn testimony from other sources which assured it of the factual basis of the guilty plea, it could not accept the plea. In addressing this same issue, the court in *Hitlaw v. State* (1978), Ind.App., 381 N.E.2d 527 decided that evidence, other than sworn testimony, may also serve as an adequate basis for accepting a guilty plea. It said that, according to IC 1971, 35–4.1–1–4(b) (Burns Code Ed., 1978), the trial court need only be satisfied that there is a factual basis for the plea.

In the case at bar, the only "evidence" presented at Anderson's hearing was the prosecutor's statement that Mrs. Kohl had reported that she had been awakened by a noise made by the defendant as he was allegedly "fiddling with the safe" in her bedroom. In addition, Anderson's counsel told the court that, based upon his review of the prosecuting attorney's file, he felt that there was a substantial risk of conviction if the defendant were to proceed to trial. There was neither sworn testimony nor any witnesses presented at his hearing. In fact, there was no evidence of any sort introduced to the court which could provide the requisite factual basis for accepting the plea.

■ The State argues that the Pre-Sentence Report, Probable Cause Affidavit and Information provide the factual basis needed for the acceptance of Anderson's plea. We disagree.

A study of the record reveals that the court accepted Anderson's guilty plea on December 12, 1977. On that same day, that court ordered the Elkhart Probation Department to prepare and file a written pre-sentence investigation and report. This report was not filed until January 13, 1978. Obviously, this pre-sentence report was not before the trial court as in *Hitlaw, supra,* to help establish the requisite factual basis.

Likewise, the Probable Cause Affidavit and Information cannot be considered sufficient for this purpose. Both are mere accusations against a defendant and no evidence whatsoever of his guilt. *Watts v. State* (1950), 229 Ind. 80, 95 N.E.2d 570.

■ In a Post-Conviction proceeding, the petitioner has the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post-Conviction Rule 1, § 5. To be successful on appeal, a petitioner must demonstrate that the trial court's ruling was contrary to law in that the evidence was without conflict and led unerringly to a conclusion not reached by the trial court. *Carroll v. State* (1976), 265 Ind. 423, 355 N.E.2d 408.

■ We can find no substantive evidence of probative value, as required by IC 1971, 35–4.1–1–4(b), to provide a factual basis for the acceptance of Anderson's guilty plea. Accordingly, we reverse and remand for further action consistent with this opinion.

In light of our resolution of the first issue, we find it unnecessary to address the remaining issues.

Reversed and remanded.

GARRARD, P. J., concurs.

HOFFMAN, J., dissents with opinion.

HOFFMAN, Judge, dissenting.

I dissent.

There was sufficient evidence in the record to establish the requisite factual basis for accepting the guilty plea.

In voting to reverse the conviction the majority has adopted an erroneous interpretation of IC 1971, 35–4.1–1–4(b). That statute provides:

"The court shall not *enter judgment* upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea." (Emphasis supplied.)

where a criminal conviction occurs the sentence is the judgment. *Schalkle v. State* (1979), Ind., 396 N.E.2d 384; *McMinoway v. State* (1973), 260 Ind. 241, 294 N.E.2d 803, at 806; *see also: People v. Stillman* (1978),

61 Ill.App.3d 446, 18 Ill.Dec. 896, 378 N.E.2d 360. It therefore seems apparent that under the statute the determination of the factual basis for a guilty plea may be done at any time prior to sentencing and not just at the time when the plea is accepted. Several other jurisdictions which also require the ascertainment of a factual basis prior to the entry of judgment have embraced this position. *Burton v. United States* (9th Cir. 1973) 483 F.2d 1182; *United States v. Romanello* (D.Conn.1975) 425 F.Supp. 304; *State v. Brooks* (1978), 120 Ariz. 458, 586 P.2d 1270; *People v. Carlisle* (1975), 25 Ill. App.3d 1022, 324 N.E.2d 234. Thus a trial court may use any portion of the record which is before it prior to sentencing in determining the factual basis for a plea. *People v. Johnson* (1978), 66 Ill.App.3d 84, 22 Ill.Dec. 840, 383 N.E.2d 648.

In *Hitlaw v. State* (1978), Ind.App., 381 N.E.2d 527, it was held that evidence other than sworn testimony could serve as an adequate basis for acceptance of a plea. There a presentence report which included the defendant's criminal record, the investigator's version of the events, the probable cause affidavit upon which the arrest was based and an officer's report of the incident was considered by the trial court as evidence of a factual basis.

Here the presentence report, which was available for the trial court's consideration prior to sentencing, contained Anderson's criminal record, a police report of the incident and Anderson's contradictory recollections about his presence at the burglarized premises. This report was evidence that a factual basis existed for Anderson's plea.

Also in the record was the probable cause affidavit of Mrs. Kohl. While this affidavit was not introduced at the guilty plea hearing, this fact does not appear to be of any consequence. A trial court may take judicial notice of its own records. *Apple; Oakes v. Greenfield Banking Co.* (1971), 255 Ind. 602, 266 N.E.2d 13.

At the guilty plea hearing, the prosecutor recited the following from Mrs. Kohl's report of the alleged burglary:

"MR. WALKER: Mrs. Kohl was asleep in bed in the early evening, about seven o'clock as I recall, was awakened by a noise, observed the defendant, whom she knows personally, fiddling with the safe, a safe that was located in the bedroom. The defendant gave two verbal statements to the police, the first denying that he was even in the victim's home, the second admitting his presence in the victim's home but to see if a washing machine was repaired or something.

"THE COURT: Was the defendant arrested the same evening, do you recall?

"MR. WALKER: Yes, for another crime."

Moreover, at this same hearing defense counsel admitted that there was a substantial risk of conviction if Anderson were to proceed to trial. It is well settled that a factual basis for a plea may be satisfied by statements made by the defendant and his counsel or by a recitation by the prosecutor of evidence to be offered at trial. *Williams v. State* (1975), Fla., 316 So.2d 267; *People v. May* (1975), 25 Ill.App.3d 1, 322 N.E.2d 606; *State v. Newton* (1976), 87 Wash.2d 363, 552 P.2d 682; *White v. State* (1978), 85 Wis.2d 485, 271 N.W.2d 97.

Finally, the information filed against Anderson for the alleged burglary has relevance on the question of a factual basis. It has been recently held that an indictment, if sufficiently specific, may be used to establish a factual basis. *United States v. Isble* (E.D.Tenn.1979), 468 F.Supp. 152; *Sassoon v. United States* (5th Cir. 1977), 561 F.2d 1154; *State v. Lemburg* (1977), Iowa, 257 N.W.2d 39. Here the information was factually precise enough to develop that Anderson's conduct on the occasion involved was within the ambit of that defined as criminal.

In light of these many sources of evidence indicating a factual basis for the guilty plea, the conviction ought to be affirmed.