Nick COMSTOCK, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2–281A50.

Court of Appeals of Indiana,
Fourth District.

June 29, 1981.

Rehearing Denied August 21, 1981.

Harriette Bailey Conn, Public Defender of Indiana, Robert H. Hendren, Sp. Asst., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Carolyn M. Brawner, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Judge.

Defendant-appellant Nick Comstock appeals the Jay Circuit Court's denial of his "Petition for Post-Conviction Relief" from his 1975 conviction for second degree burglary. Comstock raises one issue for our consideration: Did the trial court err in denying his petition since there allegedly was an inadequate factual basis for accepting Comstock's 1975 guilty plea pursuant to a plea bargain agreement?

We affirm for the reasons stated below.

## FACTS

The uncontested facts derived from the appellate briefs and record of proceedings reveal that on May 19, 1975 Comstock, pursuant to a plea bargain agreement, entered a plea of guilty to the first count of an information charging second degree burglary. The second count charging safe burglary was dismissed. On the same day a hearing was held on his plea at which the trial court ascertained Comstock had ample opportunity to consult with an attorney concerning his plea and that Comstock was satisfied with the legal representation provided by his attorney. At this hearing Comstock stated he could not recall the events on the evening of his arrest. The county prosecutor presented to the court an oral recitation of the State's case indicating it would produce several different witnesses whose combined testimony would prove Comstock guilty of the crimes charged. Comstock's attorney indicated that Comstock, after his arrest in route to the police station had said to the arresting officer that Comstock "just couldn't stay away from that place, the Burger Chef . . . ."

Based on Comstock's guilty plea the court on June 24, 1975 sentenced him to a suspended sentence of two to five years and placed him on probation for three years. On October 3, 1975 this suspended sentence and probation was revoked and he was committed to prison for a sentence of two to five years. Comstock filed his Petition for Post-Conviction Relief on March 17, 1980 which was denied on September 16. From this denial Comstock properly raises on appeal the previously stated issue.

## DISCUSSION AND DECISION

Comstock argues the trial court was required to establish an independent factual basis before accepting his guilty plea. Since he was unable to remember the events of the night he was arrested, Comstock claims the court could accept his plea only if the State introduced sufficient independent evidence of his guilt. Comstock submits that the prosecutor's recitation of the facts the State intended to prove at trial is inadequate as a matter of law to constitute sufficient independent evidence of Comstock's guilt. The State responds that it introduced sufficient evidence to establish Comstock's guilt and, therefore, he failed to carry his burden of establishing grounds for post-conviction relief by a preponderance of the evidence. We agree with the State.

■ Initially, we note that in a post-conviction relief proceeding the petitioner must establish his grounds for relief by a preponderance of the evidence. Ind. Rules of Procedure, Post-Conviction Remedy Rule 1, § 5. The judge hearing the decision is the sole arbiter of the weight of the evidence and the credibility of the witnesses. Further, his decision will stand unless the petitioner demonstrates that the evidence is without conflict and leads solely to a result opposite that reached by the court. *Cushman v. State*, (1978) 269 Ind. 68, 378 N.E.2d 643.

■ Returning to the case before us, Indiana courts have expressly adopted the rationale established in *North Carolina v. Alford*, (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, where the United States Supreme Court allowed the defendant's guilty plea to stand, even though he vigorously argued his innocence, because the evidence in the record was overwhelmingly against him leaving only a minimal chance of acquittal. *Boles v. State*, (1973) 261 Ind. 354,

303 N.E.2d 645; *Liffick v. State*, (1977) Ind.App., 367 N.E.2d 34. Thus, in *Boles v. State, supra*, our Supreme Court stated that a trial court should not accept a guilty plea when it is accompanied by a protestation of innocence and unaccompanied by sufficient independent evidence documenting a factual basis for the guilty plea. Rather, a guilty plea is to be accepted only when there is overwhelming evidence of the defendant's guilt accompanying his plea. *Boles v. State, supra.*

The trial court's determination to accept or reject a guilty plea is guided by Ind. Code 35–4.1–1–4(b) which provides that "[t]he court shall not enter judgment upon a plea of guilty unless it is satisfied from its examination of the defendant that there is a factual basis for the plea." *Hitlaw v. State*, (1978) Ind.App., 381 N.E.2d 527, held that evidence other than sworn testimony could serve as an adequate basis for accepting a guilty plea. In *Hitlaw* the evidentiary factual basis for the plea consisted of a pre-sentence report (submitted at the hearing on Hitlaw's plea) which detailed the investigator's version of the events, the victim's opinion of Hitlaw's motive, statements of the victim and other witnesses concerning the crime involved, the probable cause affidavit upon which Hitlaw's arrest was based and an officer's report of the incident. The Court held the probable cause affidavit standing alone contained "sufficient facts that indicate Hitlaw's guilt . . . ." *Id.* at 528.

█ The information before the trial court at the May 19, 1975 guilty plea hearing, in addition to the probable cause affidavit which was part of the record (but not introduced into evidence), consisted of the prosecutor's recitation of the facts the State contended it would prove if the plea was rejected and the case went to trial. The Prosecutor stated:

"[t]he State of Indiana in this cause CR–75/8 would offer to prove the, eh, crime as charged in the information first of all by a witness, Garth LeMaster. We would show that Mr. LeMaster is a Patrolman for the Portland City Police Department and that he was acting on that capacity on February the 3rd, 1975, and that he did receive a [*sic*] information via the radio, the police radio, that I believe the operator being Crowe, that information had been received from a Ruby Jellison, eh, that, eh, a person had broken the window at the Burger Chef Restaurant in Portland, Jay County, Indiana; that Mr. LeMaster then acted upon this information and proceeded to that Restaurant in Portland, Jay County, Indiana, and upon arriving he observed that the glass door on the south side of said Restaurant that had been broken out, and that the Officer, Officer LeMaster thereupon entered the said Restaurant and observed an individual within the Restaurant attempting to open the west door of that Restaurant. The Officer is familiar with and knows the individual by the name of Nick Comstock and that he would identify Nick Comstock as being the individual seen in the Restaurant who was attempting to open the west door to the Restaurant. Eh, and that, eh, the Officer, LeMaster did observe certain tools on the floor of this building near the vicinity of the safe and that those tools consisting of [*sic*] hammer, and a screwdriver and adjustable wrench. The Officer also observed one hinge bolt on the floor of the building, the Restaurant, immediately in front of the safe. And, eh, the Officer would testify that the bolt apparently came from the said safe. We also have a Karen Gilly [to] testify she [is] the Assistant Manager of Burger Chef, Portland, Jay County, Indiana, and she would testify that the combination dial of the safe located within the Restaurant had been damaged. We would have Leota Shaneyfelt testify that she is also an employ of Burger Chef and she was so employed on the 2nd day of February, in fact she was the last employee to leave the building that evening and, eh, she did lock the doors to the building, and the south door was not damaged, and, eh, that she did lock the safe within the Burger Chef building and at that time when she locked the building, and locked the safe, eh, the

safe had not been tampered with at that time. That's it for the State."

We feel that these recited facts, revealing Comstock was caught in the act, satisfied the "overwhelming evidence" test required by *Boles v. State, supra.* Significantly, Comstock does not claim this information was false or inaccurate.

In reaching this conclusion we find persuasive the manner in which a factual basis is established at the federal level. We note that Fed.R.Crim.Proc. 11(f), which is comparable to IC 35–4.1–1–4(b), *supra,* dictates that "[n]otwithstanding the acceptance of a plea of guilty, the [district] court should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy [the court] that there is a factual basis for the plea." In examining IC 35–4.1–1–4(b), authorities construing Rule 11(f) are relevant. *See State ex rel. Long v. Marion Superior Court Civil Division,* (1981) Ind., 418 N.E.2d 218; *Bowen v. Sonnenburg,* (1980) Ind. App., 411 N.E.2d 390; *Rembold Motors, Inc. v. Bonfield,* (1973) 155 Ind.App. 422, 293 N.E.2d 210. The 1966 Advisory Committee's Note on Rule 11(f) indicates there are at least four alternative sources from which the court may determine the factual basis for the guilty plea.

" 'The court should satisfy itself, by [1] inquiry of the defendant or [2] *the attorney for the government,* or by [3] examining the presentence report, or [4] otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty.' " (Emphasis added.)

Quoted in 8 Moore's Federal Practice ¶ 11.-03[3], at 11–71 (2d ed. 1980) and 1 Wright & Miller, Federal Practice and Procedure, ch. 5, § 174, fn. 75 at 377 (1969). "An inquiry might be made of the defendant, of the attorneys for the government and the defense, of the pre-sentence report when one is available, or by whatever means is appropriate in a specific case." H.R. Rep. No. 292, 93d Cong., 1st Sess. 35 (1973). Clearly Rule 11(f), as interpreted by the 1966 Advis-

ory Committee, allows a factual basis to be established from a recitation by the prosecutor of the facts to be proven at trial. *See United States ex rel. Dunn v. Casscles,* (2d Cir., 1974) 494 F.2d 397; *United States v. Untiedt,* (8th Cir., 1973) 479 F.2d 1265. Similarly, we believe the detailed recitation of the State's evidence in the case at bar established the requisite independent factual basis demanded by IC 35–4.1–1–4(b). *See People v. May,* (1975) 25 Ill.App.3d 1, 322 N.E.2d 606.

Our conclusion in the case at bar can be distinguished from that reached by the Third District in *Anderson v. State,* (1979) Ind.App., 396 N.E.2d 960, where the defendant pled guilty to a charge of first degree burglary. At the hearing on Anderson's plea he stated he "was under the influence of alcohol and could not remember anything that had happened on the day of the burglary." *Id.* at 961. The sole information presented at the hearing was the prosecutor's statement

"that Mrs. Kohl [the victim] had reported that she had been awakened by a noise made by the defendant as he was allegedly 'fiddling with the safe' in her bedroom. In addition, Anderson's counsel told the court that, based upon his review of the prosecuting attorney's file, he felt that there was a substantial risk of conviction if the defendant were to proceed to trial."

*Id.* at 962. Also before the court were the Information and probable cause affidavit as part of the record. Finding an independent factual basis from this information, the trial court accepted Anderson's plea. Subsequently, Anderson filed a post-conviction relief petition claiming the factual basis was not established. The trial court denied his petition, but the Third District reversed in an opinion by Judge Staton with Judge Hoffman dissenting in a written opinion. In reaching its decision the Court after reviewing *Hitlaw v. State, supra* and *Liffick v. State, supra,* noted that Anderson's pre-sentence report was filed *after* the trial court accepted his guilty plea and, therefore, unlike the situation in *Hitlaw,* the report could not be part of the factual basis for Anderson's plea. Further, the Court

stated that the Information and probable cause affidavit did not establish an independent factual basis for the plea since "[b]oth are mere accusations against [Anderson] and no evidence whatsoever of his guilt. *Watts v. State,* (1950) 229 Ind. 80, 95 N.E. 570." *Anderson v. State, supra* at 962. Consequently, by a 2 to 1 vote the Third District held there was "no substantive evidence of probative value, as required by IC 1971 [*sic*], 35–4.1–1–4(b), to provide a factual basis for the acceptance of Anderson's guilty plea." *Anderson v. State, supra* at 962.

We agree with the Third District that a pre-sentence report filed after the trial court accepts the defendant's guilty plea cannot retroactively provide the requisite factual basis for accepting the plea. However, the Third District did not address the issue of whether a prosecutor's recitation of the facts in such detail as to present "overwhelming evidence" of guilt creates the required factual basis and it is upon this issue that the case at bar is resolved.

For the previously stated reasons we affirm the trial court's denial of Comstock's petition for post-conviction relief.

YOUNG, P. J., and CHIPMAN, J., concur.