**In the matter of the ADOPTION OF INFANTS H,**

**Marion County Division of Children's Services, Appellant,**

v.

**S.M., Appellee.**

No. 29S02–0904–CV–140.

Supreme Court of Indiana.

Sept. 29, 2009.

*PUBLISHED ORDER DENYING REHEARING*

In considering this appeal from a final order of adoption, we sustained several contentions of error, reversed the judgment, and indicated that the order granting Petitioner preliminary custody could remain in effect while the trial court undertook to consider remedies for the errors and omissions that prompted reversal. *Adoption of Infants H.,* 904 N.E.2d 203 (Ind.2009).

Petitioner seeks rehearing, largely by restating the arguments on points upon which we earlier ruled. Such is not the object of rehearing under Ind. Appellate Rule 54.

On a point that does fall within the rule on rehearing, attorney Steven Litz argues for petitioner that we have ordered relief not requested. The Department of Child Services asked for reversal in its brief to the Court of Appeals but not in its petition to transfer. We concluded that the errors in question were of sufficient magnitude that affirming in the face of them could not be justified.

Counsel's petition also asks that we give directives on the multiple motions, requests, and objections recently filed in the trial courts by both parties. These seem to have been prompted partly by our rul-

ing in this appeal and partly by the fact that New Jersey's child protection authorities have initiated a CHINS proceeding and removed the children from Petitioner's care.

While pendency of an appeal generally moves jurisdiction over a case from the trial court to the appellate court until a decision on appeal is certified, Petitioner's supplemental appendix reflecting the trial court's recent activity demonstrates that the court amply appreciates that its authority during such a period runs only to emergency matters.

In light of the foregoing, the Court DENIES the Petition for Rehearing. The Clerk will certify our decision as final and give notice to all counsel of record. The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

SHEPARD, C.J., DICKSON, SULLIVAN, and BOEHM, JJ., concur.

RUCKER, J., votes to deny rehearing.