Jerry E. CROSS, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee.

No. 49A02–8701–PC–00017.

Court of Appeals of Indiana,
Second District.

April 5, 1988.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

On October 16, 1979, Jerry E. Cross (Cross) pleaded guilty to class C burglary, pursuant to a written plea agreement filed with the court. Cross initialed statements on the agreement to the effect that his entry of the guilty plea constituted an admission of the truth of all facts alleged in the information and that the guilty plea amounted to a conviction. At the guilty plea hearing the court advised Cross of the presumption of his innocence, and of his right to trial by jury, his right to a speedy trial, his right to subpoena witnesses, his right not to incriminate himself, his right to appeal from a trial and his right to an attorney. Cross was also advised that all of the above rights would be waived upon the court's acceptance of the plea. Cross was questioned as to any possible coercion and his understanding of the proceedings and the minimum and maximum sentences. Twice, during these advisements, Cross responded affirmatively when asked if he still wished to plead guilty. The State then presented a factual basis for the plea. Upon questioning by the court, Cross indicated the basis was correct and declined to add to it. Cross then declared his desire to plead guilty.

The court did not then accept the plea but took it under advisement and ordered a pre-sentence report. Included in the seven-page report, filed November 8, 1979,[1] were two sentences noting that Cross had represented to the probation officer conducting the investigation that he was innocent.[2]

At the subsequent hearing on November 30, 1979, Cross reaffirmed that he understood the sentence under the plea agreement, that he was satisfied with his attorney's services and that he was waiving his rights to jury trial and appeal. He also reaffirmed his wish to plead guilty. The court accepted Cross's plea, and sentenced him to two years, with one year suspended.

Cross now appeals the trial court's October 1986 decision denying post-conviction relief. The single issue we address is whether Cross's claim of innocence, noted in the pre-sentence report, was a protestation requiring the court to reject his guilty plea. Because we determine the court below should not have accepted the plea with this evidence of equivocation before it, we need not address Cross' alternative claim of inadequate guilty plea advisements.

In 1953 our Supreme Court stated:

"[A] plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. *No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made....*" *Harshman v. State* (1953) 232 Ind. 618, 621, 115 N.E.2d 501, 502 (emphasis supplied).

For a time in the 1970's, our courts appeared to modify the *Harshman* rule with the concept of "best interest" or "Alford"[3] pleas, whereby a defendant, though maintaining his innocence, could plead guilty if he believed such a plea to be in his best interest and if the court could find an adequate factual basis for the plea. *See, e.g., Campbell v. State* (1975) 262 Ind. 594, 321 N.E.2d 560; *Boles v. State* (1973) 261 Ind. 354, 303 N.E.2d 645; *Anderson v. State* (1979) 3d Dist.Ind.App., 396 N.E.2d 960. However, in *Ross v. State* (1983) Ind., 456 N.E.2d 420, 422–23, our Supreme Court

---

1. Though the record indicates the pre-sentence report was filed November 30, 1979, we use the date file-stamped by the clerk, November 8, 1979. The discrepancy in dates does not affect our decision.

2. Under the heading "Defendant's Version" the probation officer noted, "Mr. Cross stated that although he didn't do this particular burglary and had passed the polygraph test to that effect, he felt Detective Lyday had a grudge against him." Record at 36. Under the heading "Health–Emotional" the officer reported, "[Cross] states he feels that he was being picked on by the detective assigned to this case, and stated with great firmness that he had no part in this particular burglary." Record at 38.

3. *North Carolina v. Alford* (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162.

ended judicial experimentation with *Alford* pleas:

> "We hold, as a matter of law, that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error."

█ The *Ross* rule underscores the value which our judiciary places upon those rights relinquished with a guilty plea. Unless there is a factual basis underlying a defendant's unequivocal guilty plea, he may not be imprisoned without a fair trial and proof beyond a reasonable doubt of guilt.

█ Hence, guilty pleas are to be guardedly accepted. If, before sentencing, guilt is denied or there is an apparent protestation of innocence, the court is obliged to enter into a meaningful dialogue with the accused to clearly establish the validity of the plea. Should the court resolve any inconsistency and receive from the defendant his renewed admission of guilt, the acceptance of the plea and judgment of conviction may stand and sentence be imposed. *Frazier v. State* (1986) Ind., 490 N.E.2d 315. However, if the inconsistency is not resolved, under *Ross, supra,* 456 N.E.2d 420, the court must reject the plea and set the course for trial or further proceedings.

█ Recognizing the caution and care Indiana courts are to exercise in guilty plea proceedings, we find that Cross's protestation of innocence, as recorded in the presentence report, triggered the court's duty to initiate a meaningful dialogue with Cross as to the validity of his plea. It is common practice in this state, as in others, for courts to utilize presentence reports or other similar unsworn statements as tools in determining the validity of a plea as well as in determining an appropriate sentence. *See, e.g., Sims v. State* (1981) 1st Dist.Ind. App., 422 N.E.2d 436; *Comstock v. State* (1981) 4th Dist.Ind.App., 422 N.E.2d 395; *Hitlaw v. State* (1978) 1st Dist., 178 Ind. App. 124, 381 N.E.2d 527; *Wilson v. People* (1985) Colo., 708 P.2d 792; *State v. Richter* (1985) 220 Neb. 551, 371 N.W.2d

125; *Sanchez v. State* (1979) Wyo., 592 P.2d 1130; *State v. Hansen* (1983) Iowa Ct.App., 344 N.W.2d 725. *See also* 2 *W. LaFave & J. Israel, Criminal Procedure* § 20.4(f) (1984). *But see* 4 *Wharton's Criminal Procedure* § 610 (C. Torcia 12th ed. 1976). In this case, the pre-sentence report was submitted to the court well before the hearing at which the court accepted Cross's plea of guilty. Exercising the caution which in this jurisdiction inures to Cross's benefit, we must assume that the information and statements noted in the report, though not delivered under oath, were reviewed and considered by the court prior to its decision on acceptance of the plea. Thus, at the very least, an apparent protestation was before the court, creating a question of equivocation requiring resolution before acceptance of the plea and sentencing.

The State argues that "the guilty plea court could reasonably have *inferred*" from Cross's failure to protest at the sentencing hearing that his claim in the pre-sentence report was unreliable and made with a misguided motive. Appellee's Brief at 5 (emphasis supplied). The purpose of the *Ross* rule is to avoid such subjective inferences and to definitively resolve any issues as to claims of guilt or innocence.

█ Cross's affirmative response, at the hearing, to the court's standard inquiry as to his desire to plead guilty was not sufficient to override the protestation. Once a defendant has indicated his belief in his own innocence, a meaningful dialogue between the court and the defendant is required to clarify any apparent inconsistencies. The mere continuation of routine guilty plea proceedings will not satisfy the need for or purposes of this meaningful dialogue.

In view of this scheme for the resolution of inconsistencies, the State's reliance on *Frazier v. State, supra,* 490 N.E.2d 315, is misplaced. In that case, the defendant initially stated that the object which he intended to take from the victim of the attempted robbery was not the same object as charged. The defendant did not, how-

ever, imply innocence. The discrepancy in *Frazier* was relatively insignificant and did not bear upon the question of his guilt or innocence.[4] For the same reason *Harvey v. State* (1986) Ind., 498 N.E.2d 1231, is not on point.

In *Ross*, the Court did not make an exception for instances in which there is a factual basis for the plea. Most recently, in *Stockey v. State* (1987) Ind., 508 N.E.2d 793, our Supreme Court discussed the adequacy of the factual basis for the guilty plea but noted that notwithstanding the presence of such basis, Stockey's failure to claim innocence rendered *Ross v. State* inapplicable. This observation carries with it the strong implication that notwithstanding a factual basis, protestation of innocence will preclude acceptance of a guilty plea. To the same effect is *Gibson v. State* (1986) Ind., 490 N.E.2d 297.

■ Cross's claim of innocence, appearing in a report before the court prior to acceptance of the guilty plea, placed upon the hearing court a responsibility of further inquiry. The guilty plea as accepted, over an unaddressed protestation of innocence, was invalid.

Unless and until such time as our Supreme Court reinstates the rationale of the evenly divided affirmance in *Boles v. State, supra,* 303 N.E.2d 645, 652–654, or until pleas as contemplated by *North Carolina v. Alford, supra,* 400 U.S. 25, 91 S.Ct. 160, are once again permitted in Indiana, *Ross v. State, supra,* 456 N.E.2d 420, reflects the law and dictates reversal.

The judgment is reversed and the cause remanded for further proceedings.

SHIELDS, P.J., and ROBERTSON, J., concur.

---

4. Even if the *Frazier* inconsistency were construed to bear upon the guilt or innocence of the defendant, that inconsistency was resolved before the plea was accepted.