Wilbert HATCHER, Appellant
(Petitioner Below),

v.

STATE of Indiana, Appellee
(Respondent Below).

No. 49A04–8710–PC–324.

Court of Appeals of Indiana,
Third District.

May 23, 1988.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Wilbert Hatcher appeals the denial of his petition for post-conviction relief.

Hatcher presents three issues for review which may be restated as: whether his guilty plea was knowingly, intelligently, and voluntarily entered where he pleaded guilty but maintained his innocence, where the court did not properly administer the statutory advisements required before taking a guilty plea, and where he was coerced into pleading guilty.

The facts relevant to this appeal disclose that in 1976 Hatcher was charged with two counts of commission of a felony while armed. In 1978 another count was added to Hatcher's charges by way of an amended Information. Hatcher was charged with committing a crime of violence while armed with a firearm. On December 14, 1978 Hatcher pleaded guilty to committing a crime of violence while armed with a firearm and the other charges were dismissed. On December 14, 1978 Hatcher denied his guilt of the charge while being interviewed by a probation officer who was preparing a presentence investigation. On December

28, 1978 Hatcher was sentenced to a three-year term of imprisonment pursuant to a plea agreement. At the guilty plea hearing, Hatcher agreed to the factual basis supporting the guilty plea.

Hatcher filed his first petition for post-conviction relief on May 28, 1985. The court heard a portion of the evidence on the post-conviction petition on January 17, 1986. Hatcher amended his petition on January 27, 1987. On May 15, 1987 the court held an evidentiary hearing on Hatcher's petition. The trial court denied Hatcher's petition. This appeal ensued.

■ First Hatcher alleges that the trial court erred in accepting his guilty plea while he was maintaining his innocence. Hatcher correctly points out that courts in Indiana may not accept guilty pleas from defendants who are maintaining their innocence at the same time.

*See e.g. Ross v. State* (1983), Ind., 456 N.E.2d 420, 423; *Garry v. State* (1986), Ind.App., 502 N.E.2d 497, 498.

Hatcher's case is distinguishable in that he agreed to the recitation of the factual basis for the charge, and only later in an unsworn, out-of-court statement did he allege his innocence. At his sentencing, Hatcher did not proclaim his innocence when given an opportunity to address the court. Thus Hatcher did not advise the court that he was not involved in the commission of the crime while he was pleading guilty at the same time. Hatcher failed to present reversible error under his first issue.

Next Hatcher claims he was not properly advised pursuant to the statutory requirements prior to accepting his guilty plea. Specifically, Hatcher contends that he was not appropriately advised of the possibility of an increased sentence by reason of his prior convictions, that the court was not a party to the plea agreement, or that by pleading guilty he was waiving his right to a speedy trial.

■ The record demonstrates that Hatcher was advised *inter alia* that by pleading guilty he was waiving his right to a speedy trial, his right against self-incrimi-

nation, and to confront witnesses. Hatcher was advised of the possible penalties for the offense and that by pleading guilty pursuant to the plea agreement he would receive a three-year term of imprisonment. In *White v. State* (1986), Ind., 497 N.E.2d 893, 905, our Supreme Court stated:

"A petitioner who claims that his plea was involuntary and unintelligent but can only establish that the trial judge failed to give an advisement in accordance with § 35–35–1–2 has not met his burden of proof. He needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35–35–1–2(a) rendered his decision involuntary or unintelligent. Of course, unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* [*v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)] will require that his conviction be vacated."

■ While the record does not reflect a specific advisement that the court was not a party to the agreement, the circumstances sufficiently apprised Hatcher of the advisement. *See Lawson v. State* (1986), Ind., 498 N.E.2d 1212, 1213. At the conclusion of Hatcher's hearing on his guilty plea the court took consideration of the plea "under advisement" and continued the cause for a presentence investigation. By taking the matter under advisement after both the prosecutor and Hatcher had agreed to the plea agreement is a circumstance which would apprise Hatcher that the court was not a party to the agreement. Hatcher has failed to present evidence of reversible error under issue two.

■ Finally Hatcher argues that he felt coerced into pleading guilty to avoid the possibility of a conviction and life sentence for robbery while inflicting physical injury. Hatcher admits he was not charged with robbery while inflicting physical injury or any crime which bore a possible life sentence. Accordingly, Hatcher has failed to

demonstrate any involuntariness of his plea.

There being no finding of reversible error the denial of the petition for post-conviction relief is affirmed.

MILLER, P.J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority except on its reasoning concerning the trial court's failure to advise Hatcher of the possibility of an increased sentence and that the court was not bound by the plea agreement.

Under *White v. State* (1986), Ind., 497 N.E.2d 893 both those errors were harmless because the trial court, in fact, honored the plea agreement and imposed the three year sentence agreed to by Hatcher.

The judgment should be affirmed.