**Steven MOREDOCK, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 49S04–8907–PC–534.

Supreme Court of Indiana.

July 13, 1989.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION TO TRANSFER

SHEPARD, Chief Justice.

 The question presented is whether a trial court may accept a plea from a defendant who pleads guilty in open court but tells a probation officer that he did not commit the crime. We hold that the court may accept such a plea.

While appellant Steven Moredock was awaiting trial in 1983 on charges of confinement and battery, the prosecution informed him that it intended to file habitual criminal charges. He decided to accept an offer to plead to confinement and battery.

Moredock executed a plea agreement and appeared in open court to plead. The prosecutor read the victim's version of the crimes from the probable cause affidavit. Deborah Walker said that she was walking toward a phone booth when Moredock grabbed her and started pulling her toward the rear of a drugstore. She managed to break away temporarily, but he grabbed her again by the left arm and pulled on her arm and neck. Moredock departed when two men approached. The trial judge asked Moredock whether this account was true. He answered that it was.

During his later presentence interview, Moredock told the probation officer that he did not attack Walker. He said he was only trying to help her.

Thereafter, the court conducted a sentencing hearing in which it asked the defendant whether he had read the presentence report. He said he had and that he had no changes to make. The court entered judgment and sentence in accordance with the plea bargain.

After serving his sentence, Moredock filed a petition for post-conviction relief. The trial court denied his petition.

The Fourth District of the Court of Appeals reversed, concluding that the trial court should not have accepted Moredock's plea because he was pleading guilty while maintaining his innocence. It relied on the opinion of the Second District Court of Appeals in *Cross v. State* (1988), Ind.App., 521 N.E.2d 360. In *Cross* the rule in *Ross v. State* (1983), Ind., 456 N.E.2d 420, was construed as requiring that a conviction be vacated when a trial court fails to clarify any statements in a presentence report which are inconsistent with a plea.

Ross had been offered a plea agreement in open court, which he rejected through his attorney. He later claimed ineffective assistance of counsel, saying that what he really wanted to do was accept the agreement while maintaining his innocence. This Court rejected the acceptance of such pleas, sometimes called "best interest" pleas, which have been approved for use in the federal courts. *Alford v. North Car-*

*olina,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

We decline to extend the rule of *Ross* to protestations which occur outside the courtroom. Even such protestations as find their way into the record through presentence reports are fraught with the opportunity for too much mischief. Moredock has demonstrated the nature of the opportunity by arguing in a companion case that *Ross* requires vacating another of his convictions because his version of the offense in the presentence report is different from that given and accepted in open court. *Moredock v. State* (1988), Ind.App., 531 N.E.2d 247, *transfer denied.*

While we think a trial judge should question a defendant who makes statements like Moredock's before entering sentence, the existence of such statements is not an adequate basis for post-conviction relief. The post-conviction court did not err in denying Moredock's petition on these grounds.

■ Since our resolution of this issue vacates the Court of Appeals disposition of Moredock's case, we now address the other issues Moredock raises concerning the trial court's denial of his petition for post-conviction relief. Moredock also claims that statements from a probable cause affidavit constitute an inadequate factual basis upon which to accept a guilty plea. The affidavit, of course, was not the only basis available. Moredock himself confirmed the statements contained in it. In any event, this legal claim was resolved contrary to Moredock's position in *Hitlaw v. State* (1978), 178 Ind.App. 124, 381 N.E.2d 527. We agree with that opinion and hold that the post-conviction court properly rejected Moredock's claim.

■ Moredock claims he is entitled to a "new trial." He also claims ineffective assistance of counsel. Both claims are based upon the post-conviction testimony of Tony Jackson. Jackson was an acquaintance of Moredock in 1983. He testified that he had been with Moredock at the scene of the meeting with Deborah Walker. He said that Moredock was merely trying to help her. Because this evidence was

merely cumulative of the testimony already available to the defense, the trial court did not err in refusing to grant a new trial based upon it. *See, e.g., Johnson v. State* (1984), Ind., 464 N.E.2d 1309. Similarly, failure to call a witness whose testimony would be cumulative is not ineffective assistance. *Marsillett v. State* (1986), Ind., 495 N.E.2d 699.

Moredock challenges his plea on the grounds that it was not voluntarily and intelligently entered. The post-conviction court found that it was. This Court will not reverse unless the evidence as a whole leads unerringly to a conclusion opposite to that reached by the trial court. *Lowe v. State* (1983), Ind., 455 N.E.2d 1126. The post-conviction court heard Moredock testify that he did not understand the rights he was waiving. It also reviewed the written waiver and the transcript of the guilty plea hearing. We cannot say that this evidence points unerringly against the trial court's finding.

 Moredock also seeks reversal because he was not present at the probable cause hearing. He was not entitled to be. Ind.Code § 35–33–7–2 (Burns 1985 Repl.). He also claims that he was not allowed to be present at his initial hearing. The record shows that he was present.

We grant the State's petition to transfer and affirm the judgment of the trial court.

DeBRULER, PIVARNIK, and DICKSON, JJ., concur.

GIVAN, J., dissents without opinion.