**Michael MAYBERRY, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 49A02–8807–PC–280.

Court of Appeals of Indiana, Second District.

Aug. 28, 1989.

Susan K. Carpenter, Public Defender, John Pinnow, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Michael Mayberry appeals the denial of his petition for post-conviction relief.

We affirm.

## ISSUE

The issue on appeal is whether Mayberry's guilty plea was not knowing, intelligent and voluntary because he:

1. asserted his innocence in a pre-sentence investigation interview;

2. was denied effective assistance of counsel; and

3. was not advised of his right against self-incrimination.

## FACTS

Mayberry was charged with commission of a felony while armed [1] and commission of a crime of violence while armed.[2] On March 15, 1974, Mayberry withdrew his plea of not guilty to the armed felony count and tendered a plea of guilty. The plea was pursuant to an agreement wherein the State agreed to dismiss the armed violence count and to recommend sentencing under the minor's statute.[3]

---

1. IC 35–12–1–1 (repealed 1976).

2. IC 35–23–4.1–2 (repealed 1977).

3. IC 35–8–3–1 (repealed 1976).

At the conclusion of the guilty plea hearing, the guilty plea court accepted Mayberry's plea, ordered a pre-sentence report and set a sentencing date. Mayberry was sentenced on March 28, 1974, to an indeterminate one to ten years.

Mayberry petitioned for post-conviction relief; his amended petition was denied. Mayberry appeals that judgment.

## DECISION

### I.

◼ Mayberry claims the post-conviction court erred in failing to set aside his conviction based upon his guilty plea because he asserted his innocence in a pre-sentence investigation interview.[4] The pre-sentence report filed with the guilty plea court prior to Mayberry's sentencing contained the following account:

> [The defendant] related that he told the officer he was not guilty, but he knew who was.
>
> The defendant admits to being at the scene at the time, but denies knowing a robbery was taking place. The defendant claims he was involved because he was with Tyson and Getty.

Record at 25. Mayberry did not raise any question concerning his previously accepted plea at his sentencing.

Mayberry bases his argument on existing precedents holding that a guilty plea made while the defendant continues to protest his innocence is not a valid plea. *Ross v. State* (1983), Ind., 456 N.E.2d 420; *Harshman v. State* (1953), 232 Ind. 618, 115 N.E.2d 501.

> As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being

intelligently, and understandingly made, or when it appears that, for any reason, the plea is wholly inconsistent with the realities of the situation.

*Harshman*, 115 N.E.2d at 502. "[A] judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Ross*, 456 N.E.2d at 423.

Following this precedent, in *Cross v. State* (1988), Ind.App., 521 N.E.2d 360, this court reversed the denial of post-conviction relief. The guilty plea court had taken Cross's guilty plea under advisement and ordered a pre-sentence report. The report filed with the court noted that Cross had represented he was innocent to the probation officer conducting the pre-sentence investigation. At his sentencing hearing, Cross reaffirmed his desire to plead guilty. He was not questioned concerning his presentence statement. The guilty plea court proceeded to accept Cross's plea and sentence him. This court held

> Cross's claim of innocence, appearing in a report before the court prior to acceptance of the guilty plea, placed upon the hearing court a responsibility of further inquiry. The guilty plea as accepted, over an unaddressed protestation of innocence, was invalid.

*Cross*, 521 N.E.2d at 363.

While these cases support Mayberry's argument, they are distinguishable on the ground they either involve or assume a protestation of innocence made *before* a tendered guilty plea is accepted. Moreover, by grant of transfer, our supreme court, after *Cross*, adopted and affirmed the conflicting decision of this court in *Hatcher v. State* (1988), Ind.App., 523 N.E.2d 446, *aff'd* (1989), Ind., 540 N.E.2d 1241. *Hatcher*, on facts identical to *Cross*, held that an unsworn, out-of-court statement in a presentence investigation report was not a protestation of innocence within

---

4. Mayberry also relies upon his statement during the guilty plea hearing that he wanted to plead not guilty. However, this reliance is misplaced because his stated wish to plead not guilty is not an assertion of innocence. Further, after Mayberry's statement, the guilty plea court engaged in a meaningful dialogue with Mayberry to ascertain Mayberry's intent which was, in fact, to plead guilty to the one charge.

the meaning of *Ross*. In addition, in *Moredock v. State* (1989), Ind., 540 N.E.2d 1230, not only did our supreme court specifically decline to extend *Ross* to out-of-courtroom protestations of innocence, it also explicitly held the acceptance of a guilty plea from a defendant who protests his innocence to a probation officer in a presentence interview is not a basis for post-conviction relief. Accordingly, we can only conclude that *Cross* has been implicitly overruled.

One other case, *Patton v. State* (1987), Ind., 517 N.E.2d 374, involving a protestation of innocence made *after* an accepted guilty plea, must be discussed. Sentenced to death for murder following his guilty plea, Patton protested his lack of intent to kill to the pre-sentence interviewer *after* his plea had been accepted. Our supreme court, in reversing the denial of post-conviction relief, stated:

> A requirement that a guilty plea manifest an unqualified admission of guilt does not exalt form over substance. It implements fundamental notions of due process essential to the fair and just administration of criminal law. It protects a defendant's right to require proof of his guilt before a jury. It also obviates a collateral attack on a judgment by a later claim the plea was too equivocal to bind the pleader and permit entry of judgment. For these reasons, we prohibit trial courts from accepting guilty pleas from people who maintain their innocence.
>
> The *Ross* rule, by its language, applies only to defendants who plead guilty and maintain their innocence at the same time. Patton did not protest his innocence at the same time as he pled guilty, but he did firmly contradict his admission of guilt at the sentencing hearing. Although the plea and contradiction were separate in time, the principle of *Ross* must apply to the sentencing hearing in a capital case.
>
> A trial court has the power to set aside an accepted guilty plea prior to entry of judgment. For example, the decision to permit the withdrawal of a guilty plea rests within the sound discretion of the trial court. *Centers v. State* (1986), Ind.,

501 N.E.2d 415, 419. In a capital case, a trial court abuses its discretion when it fails to set aside a guilty plea when the defendant denies criminal intent at sentencing....

> A trial court must exercise the greatest caution when accepting a guilty plea in a capital case. Although the evidence would have supported a guilty plea if Patton had admitted guilt, Patton's denial of any intent to kill Pack vitiates the guilty plea insofar as the murder conviction.

\*       \*       \*       \*       \*       \*

> The trial court should set aside a guilty plea when the defendant denies that he knowingly killed the victim. In Indiana we will not execute people who plead guilty and then protest innocence at their sentencing hearing. When the trial court heard Patton's claim of innocence, it should have set the matter for trial. The way to resolve the factual questions raised by Patton at sentencing is through submission to a trier of fact.

517 N.E.2d at 376.

The court appears to carefully limit its decision in *Patton* to death penalty cases. Nevertheless, Mayberry would have us extend *Harshman* and *Ross* and *Cross* to protestations of innocence after a guilty plea is accepted and *Patton* to non-capital cases. We do not do so. *Cross* has been implicitly overruled and while *Harshman* and *Ross* reflect a policy decision that an unequivocal admission of the factual basis is required to insure the integrity of a guilty plea, *Hatcher* and *Moredock* repudiate that policy. Further, there is an undeniable distinction between the punishment of incarceration involved in *Ross* and *Harshman* and the imposition of the death penalty in *Patton*.

For these reasons, we hold that Mayberry's claim of innocence made in his pre-sentence report "is not an adequate basis for post-conviction relief." *Moredock*, 540 N.E.2d at 1231.

The post-conviction court did not err in denying Mayberry's post-conviction relief petition.

## II.

 Mayberry also contends he was entitled to post-conviction relief because his counsel provided ineffective assistance under the standard set in *Hill v. Lockhart* (1985), 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203. He argues his counsel's performance was unreasonable because he did not speak with Willie Tyson, another individual allegedly involved in the subject incident, who would have corroborated Mayberry's claim that he did not know in advance that a robbery would occur. Mayberry asserts he would not have pled guilty had he known Tyson could testify favorably for him at a trial.

The post-conviction court did not err in determining that Mayberry's counsel's performance was not unreasonable. The record reveals that Mayberry's counsel knew, without interviewing Tyson, that Tyson "could clear" Mayberry because Mayberry told his counsel just that. Record at 152, 160. Hence, an interview of Tyson, if indeed Tyson and Tyson's counsel had consented to an interview, would not have imparted any new information to Mayberry's counsel. Therefore, the post-conviction court properly determined Mayberry's counsel's performance was not unreasonable for failing to speak with Tyson.[5]

## III.

 Mayberry's final contention is that he is entitled to post-conviction relief because the guilty plea court failed to advise him he was waiving his right against self-incrimination by pleading guilty. This contention is meritless. The guilty plea court explicitly told Mayberry of this right when it explained:

> If you were to have a trial, during that trial you wouldn't have to do anything that you didn't want to. In other words, you could simply sit there at the table, if you wanted to. Because you wouldn't

have to testify or to prove anything in the case....

Record at 75, and when it again explained, "and you wouldn't have to testify." Record at 76. Following each of the foregoing advisements, Mayberry acknowledged he understood the advisement. Furthermore, at his post-conviction relief hearing, Mayberry acknowledged he understood the State could not have forced him to testify at trial.

The post-conviction court properly held against Mayberry on this contention, as it did on his other asserted errors.

Judgment affirmed.

HOFFMAN and BAKER, JJ., concur.

yourself, that is to tell your side of the case to the jury, to introduce other evidence, and to call witnesses to testify for you. In fact, to force witnesses to come to court here to testify for you....

Record at 76–77.

---

5. We also note that Mayberry's claim he would not have pled guilty had he known Tyson could testify is without a factual basis. Mayberry was advised at his guilty plea hearing that

> On the other hand, though if you did want to during the trial, you would have the right to take the witness stand and to testify for