# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 11 2016, 8:46 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark Leeman
Cass County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Travis Scott Cunningham,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | May 11, 2016<br><br>Court of Appeals Case No.<br>09A02-1510-CR-1653<br><br>Appeal from the Cass Superior<br>Court<br><br>The Honorable Rick Maughmer,<br>Judge<br><br>Trial Court Cause No.<br>09D02-1312-FC-62 |

**Robb, Judge.**

# Case Summary and Issue

[1] The State charged Travis Cunningham with burglary, theft, and criminal mischief, and alleged he was an habitual offender. Cunningham, who was represented by counsel, entered a plea of guilty to burglary, a Class C felony, and the State moved to dismiss all remaining counts. Before he was sentenced, Cunningham—without counsel's acquiescence—orally moved to withdraw his guilty plea. The trial court explained it would not grant Cunningham's motion, accepted Cunningham's guilty plea, and sentenced Cunningham to eight years imprisonment, with three years suspended to probation, pursuant to the plea agreement. Cunningham raises a sole issue for our review: whether the trial court abused its discretion in denying Cunningham's motion to withdraw his plea. Concluding the trial court did not abuse its discretion, we affirm.

# Facts and Procedural History[1]

[2] On the evening of October 26, 2012, an individual smashed the front window of the Cole Clothing Museum ("Museum") in Logansport, Indiana, entered the Museum, and disturbed many of the Museum's possessions. The following morning, a Museum employee discovered several blood stains inside the Museum. The police collected blood samples from the scene. A DNA analysis

---

[1] We held oral argument in this case on April 18, 2016, at the Hammond Academy of Science & Technology. We commend counsel for their advocacy and thank the faculty, staff, and students at the school for their hospitality and participation.

indicated the DNA profile of the blood discovered in the Museum matched Cunningham's DNA profile.

[3] On December 13, 2013, the State of Indiana charged Cunningham with burglary, a Class C felony; theft, a Class D felony; and criminal mischief, a Class B misdemeanor. The State also filed an habitual offender enhancement. After being charged, Cunningham absconded to Florida. Cunningham was then caught and returned to Indiana, and the trial court appointed a public defender to represent Cunningham. Thereafter, Cunningham entered into a plea agreement with the State. The agreement provided for Cunningham to plead guilty to burglary as a Class C felony in exchange for the State dismissing the remaining counts.[2] In addition, the agreement provided a sentence of eight years imprisonment, with three years suspended to probation.

[4] At the guilty plea hearing on August 11, 2015, Cunningham affirmed under oath he intended to plead guilty; he had read, understood, and signed the plea agreement; he was previously treated for ADHD, but no mental illness affected his ability to understand the proceedings; he was not under the influence of drugs or alcohol; he understood all of the rights he was waiving by pleading guilty; he was satisfied with the services of his attorney; and he had not been

---

[2] Unrelated to the plea agreement, the trial court—at the State's request—dismissed the habitual offender enhancement.

forced or coerced into pleading guilty.  Thereafter, the State provided a factual basis for the guilty plea and asked Cunningham whether those facts were true:

> [Cunningham:]  Some of it, yes.
> [State:]  All right, well let's cut to the main part of this is that you have to admit that the reason that your blood was in [the Museum] is that you were the one that broke in, is that true?
> [Cunningham:]  Yes, I'll admit that.
> [State:]  All right and you did that with the intent to find something to steal?
> [Cunningham:]  Yes.

Transcript, Volume I, at 16.  The trial court then asked Cunningham why he committed the burglary.  Cunningham explained he had been drinking alcohol and using drugs before breaking into the Museum, and he only entered the Museum because he thought he saw his girlfriend enter seconds before him. Cunningham further explained he was confused at the time and thought the Museum was his personal residence.  The following exchange then occurred:

> [Trial Court:]  You just told the prosecutor that you broke in to steal something.
> [Cunningham:]  Right. Well, I did—I guess my intention was to take something from there.  I don't know.  I was under—I was, I don't know.
> * * *
> [Defense Counsel:]  Maybe I can help out.  Travis, you told me at one time in one of the letters that you wrote that you were looking—your girlfriend . . . something about a wedding dress that you were looking for something maybe to get married with or something?
> [Cunningham:]  No, I don't know about all that but I know that I went into the museum because I thought, you know, I thought

she had went in there. But it wasn't her. I was seeing things, so. Because I was under the influence.

[Defense Counsel:] But you thought also that you could find something to steal.

[Cunningham:] See this is what happened. We was in an argument and I went to chase after her and I couldn't find her. I thought she had went in that place. But she didn't.

[Trial Court:] But you went ahead and broke in?

[Cunningham:] Yeah because I thought—

[Trial Court:] Taking the opportunity to find something?

[Cunningham:] Well, I broke in, yeah, to find her—I thought she had went in but it—I was seeing things was all because I was drinking.

[Trial Court:] So I guess to make sure that I understand that I'm doing this right then you did take something from the building? Did you steal anything?

[Cunningham:] Yeah, I guess, you can say I did, yes.

[Trial Court:] We don't deal with guess. Did you or not?

[Cunningham:] Yes, I did.

*Id.* at 17. Immediately thereafter, the trial court took the matter under advisement, ordered a pre-sentence investigation report, and scheduled a sentencing hearing for September 14, 2015.

[5]  The pre-sentence investigation report recommended the trial court reject the plea agreement "because [Cunningham] reported that he is not guilty of the crime of Burglary and he would prefer to go to Trial." Appellant's Appendix at 89. At the sentencing hearing, Cunningham orally requested to withdraw his guilty plea. Cunningham claimed he provided a written motion to withdraw his plea to his counsel and the State, but defense counsel stated he never acquiesced to the filing of any motions. Despite this, the trial court explained

to Cunningham he had to show withdrawal of his plea was necessary to correct a manifest injustice. Thereafter, Cunningham argued the plea agreement was in conflict with Evidence Rules 402, 403, and 410; the plea agreement contravened the "possession statute" in that he was "never in possession" of the property he was accused of stealing and the State was required to prove he was in possession of the property; he felt compelled to enter into the plea agreement, stating, "[M]y lawyer wasn't representing me how I was asking his [sic] to represent me"; and he never broke into the building. Tr., Vol. II, at 11-12. After listening to a recording of the guilty plea hearing, the trial court concluded withdrawal of the plea was not necessary to correct a manifest injustice and accepted the plea agreement. This appeal ensued.

# Discussion and Decision

## I. Standard of Review

Indiana Code section 35-35-1-4(b) governs a motion to withdraw a guilty plea that is filed after the defendant pleads guilty but before he is sentenced. "The motion to withdraw the plea of guilty . . . shall be in writing and verified." Ind. Code § 35-35-1-4(b). The trial court must allow a defendant to withdraw his guilty plea if the defendant proves it is "necessary to correct a manifest injustice." *Id.*; *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). The trial court must deny the motion if withdrawal of the plea would substantially prejudice the State. Ind. Code § 35-35-1-4(b). In all other cases, the trial court may grant the motion for "any fair and just reason." *Id.* The defendant has the burden to

prove by a preponderance of the evidence and with specific facts that he should be permitted to withdraw his plea. Ind. Code § 35-35-1-4(b), (e); *see also Davis v. State*, 770 N.E.2d 319, 327 (Ind. 2002) (noting the defendant is required to demonstrate "(1) a fair and just reason for withdrawal of the guilty plea and (2) no reliance by the State that resulted in substantial prejudice").

[7] The trial court's ruling on a motion to withdraw a guilty plea arrives in our court with a presumption in favor of the ruling. *Johnson v. State*, 734 N.E.2d 242, 245 (Ind. 2000). A trial court's denial of a motion to withdraw a plea is reviewed for an abuse of discretion. Ind. Code § 35-35-1-4(b). "A trial court abuses its discretion only when the failure of the trial court to grant the motion would result in . . . a manifest injustice." *Davis*, 770 N.E.2d at 326 (alteration in original) (quotation and citation omitted). In determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made at the guilty plea hearing to decide whether the plea was made "freely and knowingly." *Brightman*, 758 N.E.2d at 44 (citation omitted).

## II.  Manifest Injustice

[8] Cunningham contends the trial court abused its discretion in denying his motion to withdraw his guilty plea. The State counters Cunningham's appeal is waived because he did not file a verified written motion to withdraw his guilty plea. As noted above, a motion to withdraw a guilty plea must be in writing and verified. Ind. Code § 35-35-1-4(b). In *Peel v. State*, 951 N.E.2d 269 (Ind. Ct.

App. 2011), Peel knowingly and voluntarily pleaded guilty. The trial court took the matter under advisement and set a date for sentencing. At the beginning of the sentencing hearing, Peel's counsel orally moved to withdraw the guilty plea, which the trial court denied. On appeal, Peel argued the trial court abused its discretion in denying his motion to withdraw the guilty plea. Because the defendant did not file a written and verified motion to the trial court, we concluded the issue was waived. *Id.* at 272.

[9] Similar to *Peel*, Cunningham knowingly and voluntarily pleaded guilty. The trial court took the matter under advisement and set a date for sentencing. At the beginning of the sentencing hearing, Cunningham orally moved to withdraw his guilty plea pro se. Cunningham claimed he provided a written motion to his counsel and the State, but Cunningham's counsel did not acquiesce to the filing of the motion, Cunningham did not file his written motion with the trial court, and at no point did Cunningham, or his counsel, file with the trial court a verified written motion to withdraw the guilty plea. *See Black v. State*, 7 N.E.3d 333, 338 (Ind. Ct. App. 2014) (noting once a defendant is represented by counsel, a trial court is not required to respond to a defendant's pro se request). Therefore, the issue is waived.

[10] Waiver notwithstanding, Cunningham contends withdrawal of his plea was necessary to correct a manifest injustice. Specifically, Cunningham argues he entered a guilty plea while maintaining his innocence at the same time in that he stated at the guilty plea hearing that he entered the Museum with the intent to steal something in addition to stating he entered the Museum because he was

intoxicated and thought he saw his girlfriend enter the Museum. *See Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983) (noting a trial court may not accept a guilty plea when the defendant pleads guilty while maintaining his innocence at the same time).[3] Cunningham also argues his plea was not voluntary due to pressure from his counsel. As noted above, in determining whether a trial court has abused its discretion in denying a motion to withdraw a guilty plea, we examine the statements made at the guilty plea hearing to decide whether the plea was made "freely and knowingly." *Brightman*, 758 N.E.2d at 44 (citation omitted).

[11]   Based upon our review of the record, we cannot say the trial court was required to grant Cunningham's motion to withdraw his guilty plea. At the guilty plea hearing, the trial court properly advised Cunningham of the charges against him, the possible penalties that could result from trial, the terms of the plea agreement, and the rights he would be giving up by pleading guilty. In each case, Cunningham indicated he understood. Cunningham also affirmed under oath he intended to enter a plea of guilty, he was satisfied with the services of his attorney, he had not been forced or coerced into pleading guilty, and he

---

[3] Cunningham additionally argues the trial court abused its discretion because the pre-sentence investigation report recommended the trial court not accept the plea because Cunningham claimed he was innocent during the pre-sentence investigative interview. However, a claim of innocence during a pre-sentence investigative interview is an unsworn out-of-court statement, and not only has our supreme court specifically declined to extend the *Ross* rule to out-of-courtroom protestations of innocence, "it also explicitly held the acceptance of a guilty plea from a defendant who protests his innocence to a probation officer in a presentence interview is not a basis for post-conviction relief." *Mayberry v. State*, 542 N.E.2d 1359, 1361 (Ind. Ct. App. 1989), *trans. denied*.

broke into the Museum with the intent to steal property. Moreover, at no point during the guilty plea hearing did Cunningham claim counsel was ineffective, nor did he deny entering the Museum with the intent to commit a felony. *See* Ind. Code § 35-43-2-1 (1999) ("A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony."). Rather, Cunningham protested his innocence and claimed counsel pressured him into pleading guilty only *after* the guilty plea hearing. Therefore, Cunningham has failed to prove withdrawal of his guilty plea was necessary to correct a manifest injustice.

# Conclusion

[12] We conclude the trial court did not abuse its discretion in denying Cunningham's pro se oral motion to withdraw his guilty plea. Accordingly, we affirm.

[13] Affirmed.

Riley, J., and Barnes, J., concur.