**Allen WINGHAM, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 36A05–0203–PC–132.

Court of Appeals of Indiana.

Dec. 31, 2002.

Stephen A. Oliver, Martinsville, IN, Attorney for Appellant.

Stephen R. Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

GARRARD, Senior Judge.

This is an appeal from the denial of post-conviction relief. In 1998, Wingham was convicted of operating a motor vehicle while intoxicated based upon his guilty plea. He subsequently petitioned for post-conviction relief contending that his plea was accepted without an adequate factual basis and while he maintained his innocence. He further argues the plea was not intelligently, knowingly and voluntarily entered.

At the outset, we note that in Indiana there is a legal distinction between a claim that a guilty plea was entered without an adequate factual basis and a claim that it was entered by one who was, at the same time, protesting his innocence.

In *North Carolina v. Alford*, (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162, the Supreme Court held that an admission of guilt was not a constitutional requisite to a valid guilty plea although the Court acknowledged that the states might preclude their courts from accepting pleas from defendants who asserted their innocence. 400 U.S. at 38, 91 S.Ct. 160.

Our supreme court considered *Alford* in *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983):

We hold, as a matter of law, that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same

time. To accept such a plea constitutes reversible error.

■ Of course, Indiana requires that there be an adequate factual basis for the acceptance of a guilty plea, but the standards for reviewing a claim of inadequate basis are different. As our supreme court pointed out in *Bates v. State*, 517 N.E.2d 379, 381 (Ind.1988), there is a difference between cases where the defendant actually denies guilt as to some necessary element of the offense and cases where the defendant merely fails to admit the existence of such an element. In the latter scenario, other evidence produced at the plea hearing and/or the defendant's advised acknowledgement that by pleading guilty he understands that he is admitting all the elements of the charged offense may supply an adequate factual basis. *Bates, id.*

■ In the present case, Wingham was apparently arrested after his automobile ran into the rear end of another car which had just rear-ended the car in front of it. At the plea hearing the court asked Wingham if he was driving when the collision occurred, and Wingham responded, "Yes." Then the following:

Court: Had you been drinking alcoholic beverages before that time?

Wingham: Yes.

Court: And were you intoxicated?

Wingham: No.

Court: Do you understand that one of the elements of this crime is that you were intoxicated at the time you were driving the vehicle and if you plead guilty today, you admit that you were intoxicated?

Wingham: Yes.

Court: Did the police officer offer you a breath test?

Wingham: Yes, sir.

Court: And was the result of the breath test .08?

Wingham: Yes, sir.

The court did nothing further at the hearing to establish Wingham's guilt. The court's question concerning the effect of a guilty plea as an admission, and Wingham's response that he understood were not sufficient to retract or overcome his denial that he was in fact intoxicated. We are forced to conclude that the court erred by accepting the tendered guilty plea in the face of Wingham's unambiguous denial that he was intoxicated. *Ross* controls. Under the circumstances, it was reversible error to accept the plea in the face of Wingham's denial that he was intoxicated. It follows that the petition for post-conviction relief should have been granted.

Reversed and remanded.

SHARPNACK and NAJAM, JJ., concur.