Andrew McWHORTER, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 33A05–1010–PC–685.

Court of Appeals of Indiana.

March 23, 2011.

Rehearing Denied May 27, 2011.

Susan K. Carpenter, Public Defender of Indiana, James T. Acklin, Assistant Chief Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Andrew R. Falk, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Andrew McWhorter appeals the denial of his petition for post-conviction relief. We affirm.

### ISSUE

McWhorter raises one issue, which we restate as: whether the trial court erred by accepting his guilty plea to a charge of residential entry, a Class D felony. Ind. Code § 35–43–2–1.5 (1991).

### FACTS AND PROCEDURAL HISTORY

On the morning of May 3, 2002, Betty Small entered her garage and got in her car. As she prepared to back her car out of her garage, she saw a person, later identified as McWhorter, in the back seat of her car. Small got out of the car, left the garage and called the police, who arrived and arrested McWhorter.

The State charged McWhorter with residential entry and other offenses not at issue in this appeal. The parties executed a plea agreement, pursuant to which McWhorter agreed to plead guilty to residential entry and two counts of battery. The trial court held a hearing and accepted McWhorter's plea. The trial court sentenced McWhorter to an aggregate sentence of two years. McWhorter did not appeal.

Subsequently, McWhorter filed a petition for post-conviction relief. The court denied McWhorter's petition after a hearing, and he now appeals.

### DISCUSSION AND DECISION

■■ In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. *Hall v.*

*State,* 849 N.E.2d 466, 468 (Ind.2006). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. *Id.* at 469. Where, as here, the post-conviction court enters findings and conclusions in accordance with Indiana Post–Conviction Rule 1(6), we will reverse upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made. *Id.* (quotation omitted).

■ McWhorter argues that we should review the trial court's findings of fact de novo because they are based on a paper record. McWhorter cites *Lee v. State,* 892 N.E.2d 1231 (Ind.2008), in support of his argument. In *Lee,* the post-conviction court made its decision based on the trial transcript, jury instructions, and charging information. *Id.* at 1236–37. By contrast, in this case the post-conviction court reviewed the record from McWhorter's guilty plea proceedings, but McWhorter also testified at the post-conviction hearing. Therefore, the post-conviction court's decision is not based entirely on a paper record, and we decline to apply a de novo standard of review.

■ Turning to the merits, McWhorter argues that the trial court should not have accepted his guilty plea to residential entry because he proclaimed his innocence as to that charge during the guilty plea hearing. Specifically, McWhorter claims that he believed that he had received consent to enter the Smalls' garage and that he had raised the question of consent at the hearing. A defendant's reasonable belief that he had permission of the dwelling's owner to enter is a defense to the charge of residential entry. *Webster v. State,* 708 N.E.2d 610, 614 (Ind.Ct.App.

1999), *trans. denied.* A valid guilty plea is a confession of guilt made directly to a judicial officer and necessarily admits the incriminating facts alleged. *Carter v. State,* 739 N.E.2d 126, 128 (Ind.2000). Therefore, an Indiana trial court may not accept a guilty plea that is accompanied by a denial of guilt. *Id.* at 129. This rule was designed to both increase the reliability of guilty pleas and to prevent the diminishment of respect for the court system as jailing people who committed no crime. *Norris v. State,* 896 N.E.2d 1149, 1152 (Ind.2008).

In this case, at McWhorter's guilty plea hearing, he agreed with the trial court's statement that he knowingly broke into and entered the dwelling of Betty and Teddy Small. In addition, McWhorter stated that he saw no inaccuracies in the police reports. In the police reports, Betty stated that she did not know McWhorter. When he was asked if he knew he was not in his town of residence when he entered the Smalls' garage, McWhorter stated, "going from what I said that night, I thought I was in Honey Creek."[1] Guilty Plea Tr. p. 8. McWhorter conceded at the guilty plea hearing that his memory of the night in question was not very clear. Given McWhorter's agreement that he broke into the Smalls' home and his agreement that the Smalls did not know him, McWhorter's statement that he may have been confused as to his location was not sufficient to raise a defense of consent. Under these circumstances, McWhorter did not proclaim his innocence while pleading guilty to residential entry, and the trial court did not err by accepting McWhorter's guilty plea. *See Bland v. State,* 708 N.E.2d 880, 882 (Ind.Ct.App.1999) (determining that a defendant had not pro-

claimed his innocence while pleading guilty to operating a vehicle after a lifetime suspension because the defendant conceded that official records demonstrated that his license was suspended, even though the defendant also maintained that his license had not been suspended).

McWhorter cites to *Wingham v. State,* 780 N.E.2d 1164 (Ind.Ct.App.2002), but that case is distinguishable. In *Wingham,* we determined that a defendant's guilty plea to operating a motor vehicle while intoxicated was invalid because the defendant flatly denied during the guilty plea hearing that he had been intoxicated when he was pulled over by the police. 780 N.E.2d at 1165. By contrast, in the current case, McWhorter admitted that he broke into and entered the Smalls' garage, and that Betty Small had not met him before. McWhorter also expressed some uncertainty as to his location on the night in question, but he ultimately admitted that his memory of the night in question was unclear. Therefore, *Wingham* is not controlling. McWhorter has not demonstrated clear error and we are not left with a definite and firm conviction that a mistake has been made.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

DARDEN, J., and RILEY, J., concur.

---

1. Subsequently, at the post-conviction hearing McWhorter testified that a friend lived in the Honey Creek neighborhood and had previously given McWhorter permission to sleep in the friend's car on occasion. The friend's home was apparently near the Smalls' home. However, McWhorter did not explain these circumstances at the guilty plea hearing.