## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 28 2015, 9:12 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Cory Lightner
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad Byrd,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

April 28, 2015

Court of Appeals Case No.
54A05-1409-PC-448

Appeal from the Montgomery
Circuit Court.
The Honorable David A. Ault,
Special Judge.
Cause No. 54C01-1107-PC-2404

**Baker, Judge.**

[1]     Chad Byrd appeals the denial of his petition post-conviction relief.  Byrd argues that the trial court committed reversible error when it accepted his guilty plea.  Specifically, Byrd claims that he plead guilty while simultaneously maintaining his innocence.  Byrd also argues that his guilty plea was not supported by a sufficient factual basis.   Finding that the evidence supports the decision of the post-conviction court, we affirm.

## Facts

[2]     The facts underlying this case are as follows: In November 2009, Byrd, who was then twenty-four years old, was at his parents' house for a meal.  Byrd's brother was also present.  At some point during the family gathering, Byrd retrieved his twenty-gauge shotgun and entered his parents' living room.  From approximately ten feet away, Byrd pointed the shotgun at his brother and pulled the trigger.  Byrd's brother was killed from a shot to the head.  Byrd later alleged that his brother had molested him during childhood and that he was thinking about the molestation around the time he pulled the trigger.

[3]     On November 12, 2009, Byrd was charged with murder.  On December 2, 2010, Byrd pleaded guilty but mentally ill to murder in exchange for a cap of fifty-five years on the executed portion of his sentence.  The trial court twice asked Byrd if he realized that by pleading guilty to the charge he would be admitting that he "knowingly or intentionally killed another human being, to wit, [his brother]." Tr. p. 33, 35.  Byrd affirmed that he understood.  The trial

court informed Byrd of the rights he was waiving by this admission, and Byrd stated that he understood.

[4] During the factual basis examination, Byrd again confessed to knowingly or intentionally killing his brother. After this admission, the following exchange occurred between Byrd and the State:

> State: Whose gun did you use to shoot [your brother]?
> Byrd: Mine.
> *State: Did you know it was loaded?*
> *Byrd: No.*
> State: Well, you told Doctor Crane[1] you used the loaded gun right?
> Byrd: No.
> State: Well, in fact, the gun was loaded wasn't it?
> Byrd: Yeah.
> *State: And it was your intention to shoot your brother?*
> *Byrd: No.*
> State: You in fact shot your brother didn't you?
> Byrd: Yeah.

Tr. p. 41-42 (emphases added). In addition, Byrd stated that he came from a hunting family and was aware of what happened when one shot something with a shotgun. Further, Dr. Crane reported that, in reference to the shooting, Byrd said, "'I was angry. I went to my sister's room and got a gun from the rack . . . there were two . . . one was loaded . . . a 20-gauge shotgun.'" Appellant's

---

[1] Dr. Crane is a psychiatrist who conducted a two-hour psychiatric evaluation of Byrd after the shooting. Appellant's App. p. 73-80.

App. p. 74. Byrd testified that he was truthful when he spoke to Dr. Crane. At the close of the guilty plea hearing, the trial court found a sufficient factual basis and accepted Byrd's plea of guilty but mentally ill. On December 22, 2010, the trial court imposed a sixty-year sentence, with five years suspended. This Court affirmed Byrd's sentence on direct appeal.[2]

[5] On July 26, 2011, Byrd filed a petition for post-conviction relief and the post-conviction court held a hearing on September 5, 2013. On September 2, 2014, the post-conviction court issued its findings of fact and conclusions of law, denying relief. Byrd now appeals.

## Discussion and Decision

[6] In reviewing the judgment of a post-conviction court, we consider only the evidence and reasonable inferences supporting the post-conviction court's judgment. *McWhorter v. State*, 945 N.E.2d 1271, 1272 (Ind. Ct. App. 2011). The findings of fact by the post-conviction court are "accepted unless 'clearly erroneous.'" *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002) (quoting Ind. Trial Rule 52(A)). "To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court." *McWhorter*, 945 N.E.2d at 1272.

---

[2] *Byrd v. State*, Cause No. 54A01-1101-CR-4, 2011 WL 2277474 (Ind. Ct. App. 2011).

# I. Protestation of Innocence

Byrd alleges, based on his testimony at the guilty plea hearing, that he did not know the gun was loaded and did not intend to kill his brother. He contends that this testimony negated a material element of the crime of murder and establishes that he was pleading guilty while simultaneously protesting his innocence.

Under Indiana law, "[a] trial court may not accept a plea of guilty from one who in the same breath professes innocence." *Atchley v. State*, 622 N.E.2d 502, 503 (Ind. 1993). Indeed, to accept such a plea constitutes reversible error. *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983).

However, Byrd acknowledged that he understood the nature of the offense charged and that his plea was an admission of that charge. The trial court twice asked Byrd if he understood that he was pleading guilty to the charge that he "*knowingly or intentionally* killed another human being, to wit, [his brother]." Tr. p. 33, 35 (emphasis added). Twice, Byrd confirmed that he understood.

During the factual basis inquiry, the State also asked Byrd if he did "*knowingly or intentionally* kill another human being, particularity did you kill your brother . . . ." Tr. p. 37 (emphasis added). In response, Byrd confirmed that he knowingly or intentionally killed his brother. *Id.* At no point in the record did Byrd say he was innocent or make an effort to contest his guilty plea. Such admissions contradict the argument that Byrd was simultaneously protesting his innocence.

Additionally, Byrd's testimony does not negate the necessary elements for the crime of murder. The crime of murder requires that the defendant "*knowingly* or intentionally" killed another human being. Ind. Code § 35-42-1-1 (emphasis added). The *mens rea* element of the crime of murder is disjunctive and requires the State to show either intent *or* knowledge. Thus, even if Byrd did not intend to kill his brother, a finding that he did so knowingly would support the conviction for the crime of murder. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a *high probability* that he is doing so." Ind. Code § 35-41-2-2(b) (emphasis added). Even if Byrd did not intend to shoot his brother, he pulled the trigger while aware of a high probability that such an act could kill his brother.

Also, even if Byrd did not know the gun was loaded, he did not testify that he believed it was unloaded. It is reasonable for the trial court to infer that Byrd, a hunter, using his own gun, was aware of the high probability that aiming and firing an unchecked shotgun at his brother's head could cause death. In reviewing the evidence, it was not unreasonable for the post-conviction court to conclude that Byrd knowingly committed the crime of murder.

## II. Sufficient Factual Basis

Next, Byrd claims that the factual basis used to support the crime of murder was insufficient to maintain his plea of guilty. In Indiana, "[a] factual basis exists when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty." *Oliver v. State*,

843 N.E.2d 581, 588 (Ind. Ct. App. 2006). A factual basis may be established in a variety of ways: "(1) by the State's presentation of evidence on the elements of the charged offenses; (2) by the defendant's sworn testimony regarding the events underlying the charges; (3) by the defendant's admission of the truth of the allegations in the information read in court; or (4) by the defendant's acknowledgment that he understands the nature of the offenses charged and that his plea is an admission of the charges." *Oliver*, 843 N.E.2d at 588.

[14] Here, Byrd's own testimony establishes the following facts: that he was part of a hunting family; that he understood what happened when one shot something with a shotgun; that he aimed the shotgun at his brother's head; that he pulled the trigger; that he used his own shotgun; that he was angry at his brother when he pulled the trigger; and, that he killed his brother. Furthermore, Dr. Crane's psychiatric evaluation states that Byrd said he chose a loaded gun from the gun rack to shoot his brother. Byrd testified that he was truthful with Dr. Crane. These facts support the factual basis for the plea.

[15] Additionally, on multiple occasions, Byrd acknowledged that he understood the nature of the offense charged and that his plea was an admission of the crime of murder. Tr. p. 33, 35, 37. Such acknowledgements support the factual basis for the crime of murder. *See Oliver*, 843 N.E.2d at 588 (holding that a "factual basis may be established . . . by the defendant's acknowledgment that he understands the nature of the offenses charged and that his plea is an admission of the charges.").

We cannot hold that the evidence as a whole leads "unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court." *McWhorter*, 945 N.E.2d at 1272. Accordingly, we affirm the decision of the post-conviction court.

The judgment of the post-conviction court is affirmed.

Najam, J., and Friedlander, J., concur.