## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2018, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
Public Defender of Indiana

Jonathan O. Chenoweth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Phillip Gonzalez, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | March 2, 2018 <br><br> Court of Appeals Case No. <br> 02A03-1711-PC-2659 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable John F. Surbeck, Jr., Judge <br><br> Trial Court Cause No. <br> 02D05-1509-PC-102 |

**Baker, Judge.**

[1] Phillip Gonzalez appeals from the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that (1) he did not simultaneously plead guilty and maintain his innocence; and (2) there is a sufficient factual basis underlying the guilty plea. Finding no error, we affirm.

## Facts

[2] On May 10, 2012, Gonzalez pleaded guilty to Class B felony robbery in cause number 02D06-1202-FB-31 ("FB-31")[1] and to Class B felony attempted robbery in cause number 02D06-1203-FB-45 ("FB-45") pursuant to a plea agreement. At the May 10, 2012, guilty plea hearing, the trial court explained the charge to which Gonzalez was pleading guilty:

> Court: In the FB-45 cause you're pleading guilty to Attempt[ed] Robbery, a class B felony. That reads: On or about January 15, 2012, in Allen County, Indiana, said defendant did, while armed with a deadly weapon, to wit: a firearm, attempt to commit the crime of robbery, to wit: with intent to take property from the person or presence of another person, to wit: John Frontz, by using or threatening the use of force or by putting said John Frontz in fear, said defendant engaged in conduct constituting a substantial step toward the commission of the crime of robbery, to wit: by pointing said firearm at John Frontz while demanding that said John Frontz give the defendant

---

[1] Gonzalez did not challenge his guilty plea in FB-31 in the post-conviction proceedings.

> United States currency.  Do you understand the
> charge to which you're pleading in that cause?

Gonzalez:    Yes sir.

Appellant's App. Vol. II p. 54.[2]  The following colloquy then occurred between

Gonzalez and his attorney:

> Q:    Mr. Gonzalez, let me give you help.  In both cases you
>        robbed, or attempted to rob, people, correct?
>
> A:    Yes sir.
>
> Q:    And both of those robberies took place in Allen County,
>        Indiana?
>
> A:    Yes sir.
>
> Q:    And both of them involved either you or someone you
>        were with having a handgun, using that handgun so as to
>        threat[en] and frighten the victim, correct?
>
> A:    Yes sir.
>
> ***
>
> Q:    In [FB-]45, we have the same thing, robbery, in Allen
>        County, with a gun.  You went to Broadway Joes on
>        Broadway Street, correct?
>
> A:    Yes sir.

---

[2] Gonzalez has not provided the transcripts or other materials from the underlying criminal proceedings as separate documents in the appellate record; instead, portions of the transcript and records are included in his appendix.

Q: You were with some other guys, right?

A: Yes sir.

Q: And were you armed or was one of the other fellows armed?

A: I was not armed.

Q: You were unarmed?

A: Yes sir.

Q: Somebody else was armed, though, correct?

A: Yes sir.

Q: And there was a confrontation involving you and Mr. Frontz, is that correct, John Frontz?

A: Yes sir.

Q: He was the bartender?

A: Yes sir.

Q: Is that correct?

A: Yes sir.

Q: And there was an attempt to rob him of property, correct?

A: Yes sir.

Q: And did you participate in that robbery?

A: Yes sir.

Q: And did you take the property or did you—you say you did not have the weapon, correct?

A: Yes sir.

Q:    But you assisted in taking the property or doing something to make the robbery go down?

A:    Yes sir.

Q:    What did you do?

A:    I didn't do nothing.

Q:    You were there, right?

A:    Yeah, I was there.

Q:    And you were with your friend who had a gun?

A:    Yes sir.

Q:    You left the place with your friend . . . . ?

A:    Yes sir.

Q:    You participated in an attempt to rob Mr. Frontz of property, correct?

A:    Yes sir.

*Id.* at 58-61. The trial court accepted Gonzalez's guilty plea and later imposed a total sentence of sixteen years, with four years suspended to probation.

[3]    On September 23, 2015, Gonzalez filed a petition for post-conviction relief, arguing that there was an improper factual basis underlying his guilty plea in FB-45 and that the guilty plea in that cause is invalid because he simultaneously admitted guilt and protested his innocence. Gonzalez and the State eventually filed competing motions for summary judgment on his petition. On October 23, 2017, the post-conviction court granted the State's motion, finding, in pertinent part, as follows:

7. Even on the supposition that Mr. Gonzalez's single statement that he "didn't do nothing" amounted to an unambiguous denial of guilt, . . . he would not be entitled to post-conviction relief . . . because he repeatedly and specifically contradicted that supposed denial of guilt . . . . Both before and after his alleged denial of participation, Mr. Gonzalez specifically admitted that he did participate in the attempted robbery. Even if his claimed denial of guilt was *unambiguous*, it was not also *consistent*, as needed to obtain relief . . . .

8. Furthermore, it does not appear that Mr. Gonzalez did unambiguously deny participation in the attempted robbery as an accomplice. In this regard, it should be noted that a person who does not actively do anything to carry out a crime, such as a lookout, may nevertheless be convicted of the crime as an accomplice. Mr. Gonzalez acknowledged that he went to Broadway Joe's with the armed person or persons who actually attempted to carry out the crime, he participated (somehow) in the attempt, and he left together with the same persons he came with. These admissions are consistent with the theory that he accompanied the co-perpetrators in order to provide assistance in case of need (just as a lookout might do) even though he "didn't do nothing" because it turned out that there was no occasion for him to provide active assistance. His assertion that he "didn't do nothing" is, at most, ambiguous as to whether he participated in the attempted robbery as an accomplice . . . .

\*\*\*

10. . . . Mr. Gonzalez did admit that he understood the nature of the crime and understood that his guilty plea was an admission that he committed the crime. . . . [T]he court did not abuse its discretion in finding that an adequate

factual basis had been established, even without regard to any further admissions from Mr. Gonzalez.

11.  . . . Mr. Gonzalez's [further] admissions, however, amounted at the very least to the relatively minimal evidence needed for a factual basis establishing that he was a participant in the crime and not a mere bystander. Mr. Gonzalez admitted that, in both cases, he robbed or attempted to rob people; both cases involved a handgun wielded by himself or a co-perpetrator to threaten or frighten people; in FB-45, he went to Broadway Joe's with some other people, at least one of whom was armed; he participated in the attempted robbery by "assist[ing] in taking the property or doing something to make the robbery go down"; and he left with his co-perpetrators after "participat[ing] in an attempt to rob Mr. Frontz of property." . . . No authority suggests that the Court abused its discretion in finding a factual basis despite Mr. Gonzalez's ambiguous statement that he "didn't do nothing."

12.  . . . Mr. Gonzalez acknowledged his understanding that he was admitting that he had acted "with intent to take property from the person or presence of another person, to wit: John Frontz, by using or threatening the use of force or by putting said John Frontz in fear."

Appealed Order p. 10-13 (internal citations omitted) (emphases original).

Gonzalez now appeals.

# Discussion and Decision

## I. Standard of Review

[4] Gonzalez argues that the post-conviction court should not have granted summary judgment in favor of the State on his petition for post-conviction relief. The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

[5] Here, the post-conviction court granted summary judgment under the procedure outlined in Section 1(4)(g) of the post-conviction rules. Under this provision, the post-conviction court may grant a motion for summary disposition of a petition when no genuine issue of material fact appears in the record and a party is entitled to judgment as a matter of law. Ind. Post-Conviction Rule 1(4)(g). Where, as here, there are no genuine issues of material fact, we are considering pure issues of law on appeal to which we

apply a de novo standard of review.  *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014).

## II.  Protestation of Innocence

[6]    Gonzalez argues that the plea was invalid because he simultaneously pleaded guilty and maintained his innocence.  It is well established that accepting a guilty plea when a defendant both pleads guilty and maintains his innocence at the same time is reversible error.  *E.g.*, *Ellis v. State*, 67 N.E.3d 643, 646 (Ind. 2017).  This rule is designed to heighten the reliability of the guilty plea. *Trueblood v. State*, 587 N.E.2d 105, 107 (Ind. 1992).  For this rule to apply, the defendant's protestation of innocence must have been both consistent and unequivocal.  *Carter v. State*, 739 N.E.2d 126, 130 (Ind. 2000); *see also Johnson v. State*, 960 N.E.2d 844, 849 (Ind. Ct. App. 2012) (defendant was entitled to relief because he consistently maintained innocence at the guilty plea hearing and clearly denied committing the crime charged).

[7]    Gonzalez focuses on the point in his testimony at which he was asked "What did you do?" and replied, "I didn't do nothing."  Appellant's App. Vol. II p. 61. We disagree that this response amounts to a protestation of innocence.  This exchange occurred in the context of the establishment of a factual basis for Gonzalez's guilt as an accomplice to attempted robbery.  It is apparent that when Gonzalez said, "I didn't do nothing," he was simply explaining that he did not take an active part in the attempted robbery—which he was not required to admit to plead guilty as an accomplice.  *See Pugh v. State*, 52 N.E.3d

955, 967 (Ind. Ct. App. 2016) (four factors determine sufficiency of evidence for accomplice liability: (1) presence at scene of crime; (2) companionship with another at scene of crime; (3) failure to oppose commission of crime; and (4) course of conduct before, during, and after commission of crime), *trans. denied*. And even as he made that explanation, he also repeatedly admitted that he participated in the robbery and came and left the scene with the individual(s) who actively committed the robbery. Appellant's App. Vol. II p. 58-61. Under these circumstances, we do not find that Gonzalez's statement that "I didn't do nothing" amounts to a consistent and unequivocal protestation of innocence. Therefore, the post-conviction court did not err by granting judgment in favor of the State on this issue.

## III. Factual Basis

[8] Gonzalez also argues that the guilty plea cannot stand because an adequate factual basis for the plea was not established. A trial court cannot accept a defendant's guilty plea unless there is an adequate factual basis for the plea. *State v. Cooper*, 935 N.E.2d 146, 149 (Ind. 2010). As explained by our Supreme Court, "[t]he purpose of the factual basis requirement is to ensure that a person who pleads guilty is truly guilty." *Id.* Moreover, "a finding of factual basis is a subjective determination that permits a court wide discretion—discretion that is essential due to the varying degrees and kinds of inquiries required by different circumstances." *Butler v. State*, 658 N.E.2d 72, 76-77 (Ind. 1995). A factual basis exists "when there is evidence about the elements of the crime from which a court could reasonably conclude that the defendant is guilty. Relatively

minimal evidence has sometimes been held adequate." *Id.* at 77 (internal footnote omitted).

[9]     Claims about omissions in the factual basis "have been unavailing when the omissions do not seem to demonstrate doubt about actual guilt." *Cooper*, 935 N.E.2d at 150. Even if a defendant fails to admit the existence of an element, "other evidence produced at the plea hearing and/or the defendant's advised acknowledgement that by pleading guilty he understands that he is admitting all the elements of the charged offense may supply an adequate factual basis." *Wingham v. State*, 780 N.E.2d 1164, 1165 (Ind. Ct. App. 2002).

[10]    In this case, Gonzalez argues that there is no evidence in the factual basis that he acted with the requisite mens rea for accomplice liability—that is, that he knowingly or intentionally aided the principal actor. Ind. Code § 35-41-2-4. He emphasizes the well-accepted principle that for accomplice liability, "mere presence, coupled with knowledge that a crime is being committed is not sufficient to establish guilt." *Green v. State*, 937 N.E.2d 923, 930 (Ind. Ct. App. 2010).

[11]    Gonzalez explicitly admitted to the following:

- He "robbed, or attempted to rob, people[.]" Appellant's App. Vol. II p. 58.
- Gonzalez went with a group of people to Broadway Joe's. At least one of the other people was armed with a handgun to threaten and frighten the victim. *Id.* at 59, 60.
- There was a confrontation between Gonzalez and the victim. *Id.* at 60.

- There was an attempt to rob the bartender of property. Gonzalez "participate[d] in that robbery," "assisted in taking the property or doing something to make the robbery go down" and "participated in an attempt to rob [the victim] or property[.]" *Id.* at 61.
- Afterwards, Gonzalez left the bar with the same group of people. *Id.*

Additionally, Gonzalez acknowledged that by pleading guilty, he was admitting that he acted "with intent to take property from the person or presence of another person[.]" *Id.* at 54.

[12]   It does appear to be true that the element of Gonzalez's mens rea was omitted from the factual basis. But as noted above, a defendant's advised acknowledgement that by pleading guilty he is admitting to all the elements of the charged offense may supply an adequate factual basis as to an element that is omitted during his testimony. *Wingham*, 780 N.E.2d at 1165. Here, not only did Gonzalez make such an acknowledgement about all the elements— including mens rea—he went on to admit specifically that he participated with and assisted in the attempted robbery. We note that the *Wingham* Court distinguished between a scenario in which (as here) an element is omitted and a scenario in which the defendant actually denies guilt as to some necessary element of the offense. *Id.* Here, as we have already found above, Gonzalez did not deny his guilt as to a necessary element of the offense. As such, the trial court's advisement and Gonzalez's acknowledgement thereof supplement his testimony to provide sufficient evidence regarding his mens rea.

[13] We find that this evidence suffices to establish a factual basis. Consequently, the post-conviction court did not err by granting judgment in the State's favor on this issue.

[14] The judgment of the post-conviction court is affirmed.

Riley, J., and Brown, J., concur.